The State v. Kraner.

THE STATE v. KRANER.

1. **Bail:** REMISSION : DISCRETION OF COURT. The remission of the whole or any part of a forfeited bond, after the defendant has been surrendered, rests within the discretion of the court, and his action will not be reversed unless an abuse of discretion be shown.

*Appeal from Wapello District Court.*

WEDNESDAY, APRIL 23.

ON the 3d day of September, 1875, an indictment was found against one Michael Shanahan. On January 7th, 1876, the defendant, Kraner, executed a bond for the appearance of Shanahan at the next term of the District Court there-

after.  The defendant appeared and pleaded guilty to the crime charged in the indictment.  Afterward the court adjudged that Shanahan should pay a fine and costs, and ordered that he be confined in the jail of the county until such fine should be paid, at one dollar and fifty cents a day, unless. sooner discharged, and that a bench warrant issue to enable the sheriff to take the defendant into his custody to carry into effect the judgment and order; and a warrant was issued for the arrest of Shanahan.

Afterward, and on the 11th day of February, 1876, Shanahan not having been arrested, upon motion of the District Attorney he was called in open court to surrender himself in satisfaction of the judgment theretofore rendered, and having failed to appear the bond for his appearance was forfeited. Afterward, but at what time the record does not disclose, Shanahan voluntarily surrendered himself to the sheriff in satisfaction of said judgment, and he was kept in custody of the sheriff, imprisoned in the jail for the period fixed by the sentence.

This action was brought to recover the amount of the bond. given for Shanahan's appearance.  There was a trial by the court.  A judgment was rendered for the State for the amount, named in the bond.  Defendant appeals.

*John B. Ennis*, for appellant.

*John F. McJunkin, Attorney General*, for the State.

ROTHROCK, J.—The cause is argued upon the theory that the defendant Kraner surrendered Shanahan to the sheriff on a certified copy of the undertaking.  The position is not sustained by the record.  It appears that Shanahan surrendered himself to the sheriff.  This must have been after the bond was forfeited, otherwise no forfeiture would have been taken. The bond required that Shanahan "should appear    *    *    * to answer the indictment, and not depart without leave of the court, and obey all orders of the court."  He appeared and.

pleaded guilty, but departed without leave of the court, and when he failed to answer, upon being called to surrender himself in satisfaction of the judgment, the bond was rightfully forfeited, and the surety's liability was then fixed.

The Code provides that if, before judgment is entered against the bail, the defendant be surrendered or arrested, 1. BAIL: remis- the court may in its discretion remit the whole or sion: discre- tion of court. any part of the sum specified in the undertaking. Section 4600. It is urged that because Shanahan had been imprisoned in satisfaction of the judgment the court should have remitted the whole or some part of the undertaking. This question was determined in *State v. Kraner, post,* 582. No abuse of discretion is shown. It does not appear when Shanahan surrendered himself. For aught that does appear the county may have incurred large expense in endeavoring to arrest him before the surrender.

We cannot presume that the judgment of the court below was an abuse of a sound legal discretion.

AFFIRMED.