HENRY BRUNTLETT, Appellant, v. CARROLL COUNTY et al., Appellees.

**BAIL:  Release and Satisfaction of Judgment.**   An unsatisfied judg-
1   ment obtained on a forfeited bail bond is released and satisfied when the defendant in the criminal action is produced in court by the surety in execution of a judgment of imprisonment.

**WORDS AND PHRASES:**   "Judgment."  The term "judgment" will
2   not ordinarily be construed to mean anything other than "the decision of the court in a civil or criminal proceeding."

*Appeal from Carroll District Court.*—M. E. HUTCHISON, Judge.

MAY 9, 1922.

ACTION in equity, to cancel and set aside a judgment entered against the plaintiff in the district court of Carroll County, Iowa, as surety on a bail bond, and to enjoin the collection of said judgment.   A demurrer to plaintiff's petition was sustained, and, the plaintiff electing to stand on his petition, judgment was entered dismissing the same, and plaintiff appeals.—*Reversed.*

*Helmer & Minnich,* for appellant.

*W. I. Saul,* for appellees.

FAVILLE, J.—On or about October 2, 1920, one Corles R. Bruntlett was arrested upon a preliminary information filed before a justice of the peace, charging him with the offense of

robbing a bank, and was bound over to the
grand jury of Carroll County, and gave an ap-
pearance bond in the sum of $10,000, which bond
was executed by the appellant herein, who is the father of said
Corles, as surety. The said Corles absconded, and at the next
succeeding term of the district court of Carroll County, was
indicted by the grand jury, charged with the offense named in
the preliminary information.

At the said term of said court, the said appearance bond
was duly forfeited, and an order to that effect was entered of
record. At the next succeeding term, an action was brought
on said bond against the appellant, in the district court of Car-
roll County. The appellant defaulted in said action, and judg-
ment was duly entered against him in the sum of $10,000, with
interest and costs.

The defendant in the criminal action was later located in
Mexico by the appellant, from which place he could not be
legally extradited for the crime for which he had been indicted.
The appellant, at his own expense, however, procured the return
of the said Corles R. Bruntlett to the state of Iowa, and during
the same term of the district court, and after said judgment
had been duly entered on said bond, presented the said Corles
in person in open court. Thereupon, the said Corles entered a
plea of guilty to the charge contained in the indictment re-
turned against him, and judgment and sentence were pro-
nounced thereon, and he was committed to the reformatory at
Anamosa.

Thereupon, and before any payment whatever had been
made on the judgment entered in the action upon the said ap-
pearance bond, the appellant commenced this action in equity in
the district court of Carroll County, to enjoin the collection of
said judgment entered on said appearance bond, and for the
cancellation and satisfaction of the same. The appellant ten-
dered payment of all of the costs incurred by the state in said
criminal proceedings and in said action on said bond.

All of the foregoing facts appear in the petition of the
appellant, and to said petition a general equitable demurrer
was filed.

1. BAIL: release and satisfaction of judgment.

It is the contention of the appellant that, under the provisions of Code Section 5519, he is entitled to a discharge of the said judgment upon said facts.

Chapter 35, Title XXV, of the Code provides for the furnishing of bail, which is to be "by a written undertaking, executed by one or more sufficient securities (with or without the defendant, in the discretion of the court, clerk or magistrate), accepted by the court, clerk or magistrate taking the same." Code Section 5501.

In this instance, the bail was furnished to the committing magistrate, and was by him transmitted to the district court, under the provisions of Code Section 5236.

Chapter 36, Title XXV, of the Code consists of two sections, as follows:

"Section 5513. Undertakings of bail, immediately after filing by the clerk of the district court, shall be docketed and entered upon the lien index as required for judgments in civil cases, and, from the time of such entries, shall be liens upon real estate of the persons executing the same, with like effect as judgments in civil actions.

"Section 5514. Attested copies of such undertakings may be filed in the office of the clerk of the district court of the county in which the real estate is situated, in the same manner and with like effect as attested copies of judgments, and shall be immediately docketed and indexed in the same manner."

Chapter 37, Title XXV, of the Code deals with the subject of the forfeiture of bail. It consists of five sections, as follows:

"Section 5515. If the defendant fails to appear for arraignment, trial or judgment, or at any other time when his personal appearance in court is lawfully required, or to surrender himself in execution of the judgment, the court must direct an entry of such failure to be made on the record, and the undertaking of his bail, or the money deposited instead of bail, is thereupon forfeited.

"Section 5516. If, before the final adjournment of the court for the term, the defendant appear and satisfactorily excuse his failure, the court may direct an entry to be made on

the record that the forfeiture of the undertaking or deposit be discharged.

"Section 5517. If the forfeiture is not discharged, the county attorney may, at any time after the adjournment of the court for the term, proceed by civil action upon the undertaking of the bail.

"Section 5518. The action on the undertaking must be in the court which the defendant was or would have been required to appear by the undertaking; save, when it requires the appearance of the defendant before a justice of the peace or a court of limited jurisdiction, or before an examining magistrate, such court or officer, upon the forfeiture of the undertaking, shall within thirty days file the same, together with a copy of all his official entries in relation thereto, in the office of the clerk of the district court of the county; and thereupon it shall be the duty of the county attorney to proceed to collect the same by a civil action in the district court of said county, or any other court of said county having jurisdiction.

"Section 5519. The undertaking of bail will in all cases be exonerated, the sureties discharged and, if a judgment has been docketed and lien perfected as in this chapter provided, the same released and satisfied, if the defendant is produced in execution of a judgment of imprisonment, or commitment for a fine, or fine and costs, or if the judgment is for a fine or fine and costs only, without an order of commitment. When the bail is exonerated, sureties discharged and lien released, the clerk must at once enter a satisfaction of the judgment, making a memorandum of the facts, following the docket entry thereof, and if judgments have been entered up in other counties, he shall transmit to the several clerks of such counties a certified copy of such satisfaction and memorandum, who shall enter the same in the same manner, and from and thereafter such judgment shall be canceled and satisfied."

Under these sections, provision is first made for setting aside a forfeiture before any judgment has been entered thereon, and before the defendant in the criminal case has been tried. This is clearly set forth in Section 5516. Under said section, even though a forfeiture has been entered, it may be set aside

upon two conditions: namely, that the defendant appear *before the final adjournment of court for the term; and that he satisfactorily excuse his failure to appear.*

At this point, it is to be observed that the setting aside of the forfeiture does not discharge the undertaking. The bond remains in full force and effect, and the defendant may be tried. The setting aside of the forfeiture at the current term is also a matter within the discretion of the court. If, however, the defendant does not appear during said appearance term of court and seek to have the forfeiture set aside, then the county attorney, under Section 5517, may, after the adjournment of the term, proceed to bring suit to recover a judgment upon the bond.

The undertaking of bail referred to in the statute is somewhat similar to the common-law recognizance. Some of the early authorities indicate that, when a common-law recognizance is forfeited, it is made absolute, and thereupon has the force and effect of a judgment. 4 Blackstone's Commentaries 253; *People v. Van Eps,* 4 Wend. (N. Y.) 387, 392; *State v. Walker,* 56 N. H. 176; *Schultze v. State,* 43 Md. 295. Such, however, is not the rule under our statute. Code Section 48, Paragraph 20, provides:

"The word 'undertaking' means a promise or security in any form."

Suit must be brought on the forfeited undertaking, and judgment obtained thereon, before execution can issue. After suit has been brought and judgment has been obtained against the surety, can the judgment be set aside before it has been actually paid and discharged? This is the question in this case. If this can be done, it is solely because of the provisions of Section 5519 of the Code.

Said section is a substitute for Section 4600 of the Code of 1873, which was as follows:

"If, before judgment is entered against the bail, the defendant be surrendered or arrested, the court may, in its discretion, remit the whole or any part of the sum specified in the undertaking."

It is obvious at once that Section 5519 is much broader in its terms than said Section 4600 of the Code of 1873.

In *Arquette v. Supervisors of Marshall County*, 75 Iowa 191, in considering said Section 4600 of the Code of 1873, we said:

"The primary object for which bail is taken in cases like that under consideration is to secure the personal attendance of the defendant when it is desired, and to avoid the necessity of keeping him in custody."

We also said:

"These various provisions of the law are evidently designed to secure a hearing and disposition on its merits of the charge against the defendant, and the enforcement of any judgment which may be rendered against him. The giving of bail, and the depositing of money in lieu of bail, are auxiliary to the main case."

Under Section 4600 of the Code of 1873, a discretion rested with the court to remit the whole or any part of the sum specified in the undertaking, at any time before judgment was entered against the bail. *State v. Kraner,* 50 Iowa 575; *State v. Kraner,* 50 Iowa 582.

Under the provisions of the present Code Section 5516, it is very apparent that a discretion still rests with the trial court to set aside the forfeiture of the bail where the application to set aside said forfeiture is made *before* the final adjournment of the court for the term, and where the defendant appears and satisfactorily excuses his failure. But Section 5519, by its terms, does not refer to the setting aside of a forfeiture after the adjournment of a term and before judgment, as did Section 4600 of the Code of 1873, for which it is a substitute.

Section 5519 was evidently intended to deal with two situations: One where the undertaking of bail had not been reduced to judgment, but the appearance term was passed; and the other, where judgment had been obtained on a forfeited bail bond. Separating the clauses of the first sentence of the said section, and making the proper transposition of the same, we find the first provision of said section to be as follows:

"The undertaking of bail will in *all* cases be exonerated,

the sureties discharged * * * if the defendant is produced in execution of a judgment of imprisonment, or commitment for a fine, or fine and costs, or if the judgment is for a fine or for fine and costs only, without an order of commitment."

The other provision of said section is as follows:

"If a judgment has been docketed and lien perfected as in this chapter provided, the same [will in all cases be] released and satisfied, if the defendant is produced in execution of a judgment of imprisonment, or commitment for a fine, or fine and costs, or if the judgment is for a fine or fine and costs only, without an order for commitment."

When so separated and transposed, it is apparent that the section is broad and comprehensive in its terms, and in effect provides that, whether the undertaking of bail has been reduced to judgment or not, in either event there shall be full release and satisfaction of the liability under said bail, "if the defendant is produced in execution of a judgment of imprisonment, or commitment for a fine," etc. This is consistent with the provisions of Section 5516 that give the court a discretion to set aside an entry of forfeiture of bail before the final adjournment of the appearance term.

Under Section 5516, when the defendant appears at the appearance term after forfeiture, and seeks, upon showing, to excuse his default and set aside the forfeiture of the undertaking, he is also in a position to demand a trial of the criminal case. The result thereof is undetermined. Not so, however, under Section 5519. That has no application whatever, except to a case where the defendant in the criminal action has been found guilty, and "is produced in execution of a judgment of imprisonment or commitment," etc.

It is contended, however, that the foregoing construction of the first sentence of Section 5519 is inconsistent with the construction necessarily to be placed upon the second sentence of said section. This is as follows:

"When the bail is exonerated, sureties discharged and lien released, the clerk must at once enter a satisfaction of the judgment, making a memorandum of the facts, following the docket entry thereof, and if judgments have been entered up in other

counties, he shall transmit to the several clerks of such counties a certified copy of such satisfaction and memorandum, who shall enter the same in the same manner, and from and thereafter such judgment shall be canceled and satisfied.''

It is contended that the word ''judgment,'' as used in said section, does not mean the judgment procured upon the forfeited bail bond, but has reference to the original ''undertaking of

2. WORDS AND PHRASES: "judgment."

bail.'' The argument at this point is to the effect that the sections of the preceding chapter, which we have heretofore quoted, provide that undertakings of bail shall be docketed and entered upon the lien index as required for judgments, and shall be liens upon the real estate of the persons executing the same, with like effect as judgments in civil actions, and that copies of said undertakings may be transcripted to other counties, where they shall become liens upon the real estate, with like effect as attested copies of judgments. The contention is that the word ''judgment,'' in Section 5519, refers to these undertakings of bail which have been so docketed and transcripted. We do not so construe it. The first sentence of Section 5519 contains the clause, ''if a judgment has been docketed and lien perfected, as in this chapter provided.'' The only judgment that could be docketed and lien perfected *as in this chapter provided,* is the judgment obtained in the suit brought upon the forfeited bail bond, under the preceding sections in the same chapter. The provisions for the creation of the statutory lien against the real estate by the entry of the original undertaking of bail are not in this chapter, but are in the preceding chapter.

It must be conceded that the language of the second sentence of Section 5519 is not free from ambiguity, and that the legislative intent could have been expressed with greater certainty and clearness; but we think it is apparent from the entire section that one purpose of the legislature, at least, was to provide that, if a judgment had been docketed and a lien perfected as in said chapter provided (that is, by the forfeiture of the undertaking and a subsequent suit thereon and the rendition of a judgment), and ''if the defendant is produced in execution of a judgment of imprisonment or commitment,'' then and in that

event, "the clerk must at once enter a satisfaction of the judgment, making a memorandum of the facts, following the docket entry thereof, and if judgments have been entered up in other counties, he shall transmit to the several clerks of such counties a certified copy of such satisfaction and memorandum, who shall enter the same in the same manner, and from and thereafter such judgment shall be canceled and satisfied."

Whether or not the statute, by its terms, is broad enough to require the clerk to discharge of record the statutory lien created by the filing of the original undertaking of bail, and to require the same to be released in other counties to which a transcript may have been sent, is not before us in the instant case, and we do not determine that question; but we do hold that this statute, by its terms, expressly refers to and designates a judgment which may have been obtained under the provisions of this chapter, and that it does provide that such judgment shall be released and satisfied, if the defendant is produced in execution of a judgment of imprisonment.    To hold otherwise would require us to say that the word "judgment," as used in this section, does not mean "judgment," but should be construed to mean only "statutory lien."    It would also require us to hold that the clause "if a judgment has been docketed and lien perfected, as in this chapter provided," does not mean the judgment and lien that are expressly provided for in said chapter, but that it refers to the "undertaking of bail" and the "statutory lien" created thereby that is provided for in the preceding chapter.

Code Section 48, Paragraph 2, provides:

"Words and phrases shall be construed according to the context and the approved usage of the language; but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in law, shall be construed according to such meaning."

In *Sprott v. Reid*, 3 G. Greene (Iowa) 489, we said:

"A judgment is the decision of the court in a civil or criminal proceeding; it is the determination or sentence of the law."

See Black on Judgments, Section 1; 2 Bouvier's Law Dictionary 1718 *et seq.;* Freeman on Judgments (4 Ed.), Section 2.

If the word "judgment," as used in this section, should be construed to be broad enough to include the statutory lien created by the filing of the undertaking of bail (a question which we do not determine), we do not think it is so narrow as to exclude the judgment provided for in Chapter 37, which is expressly referred to in the section in question as being a judgment that "has been docketed and lien perfected, as in this chapter provided."

The Code commission, in its report to the general assembly, referring to the proposed change from Section 4600 of the Code of 1873 to what is Section 5519 of the Code of 1897, stated that "the provisions as to *executions* are somewhat modified." Report of Code Commission, 1896, page 134. (Italics are ours.)

Section 5519 was adopted by the legislature and incorporated into the Code of 1897 in the exact language proposed by the Code commission.

"Executions" are writs for the enforcement of judgments or orders requiring payment of money or the delivery of the possession of property. Code Section 3954. With this report and proposed legislation before it for consideration, we think the legislature used the word "judgment" in this section advisedly, and intended at least to give to it its ordinary and approved meaning.

It is to be observed that this statute providing for the release of a judgment that has been entered upon a forfeited bail bond, applies only in a case where the defendant in a criminal action is "produced in execution of a judgment of imprisonment," etc. The purpose of the criminal law is to secure the punishment of criminals, and not to have the state profit financially by the collection of a judgment on a forfeited bail bond. *State v. Sandy,* 138 Iowa 580. It may have appeared to the legislature that, when a defendant in a criminal action was "produced in execution of a judgment of imprisonment," the state should not thereafter also be entitled to collect a judgment which it might have obtained on a forfeited bail bond. Whatever may have been the reasons that may have actuated the legislature in the enactment of this statute, we feel bound to adopt the construction which we have placed upon the language used,

and to hold, as we do, that a judgment obtained on a forfeited bail bond which has not been satisfied, is released and satisfied when the defendant in the criminal action is produced in execution of a judgment of imprisonment.

The allegations of the petition, as we understand them, are sufficient to show that the defendant in the criminal action was produced before the court by the surety on the bond, the appellant herein, "in execution of a judgment of imprisonment," and that the said judgment of imprisonment was duly executed, and said defendant committed. In other words, under the allegations of the petition, the appellant brought himself within the terms and provisions of said Section 5519 of the statute.

It follows that the appellees' demurrer to appellant's petition should have been overruled, and the decree of the district court is, therefore,—*Reversed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.