THE STATE OF IOWA, Appellee, v. F. J. KEALY, Appellant.

Criminal Law: EXTRADITION: TRIAL FOR DIFFERENT OFFENSE. Where a person is indicted for a certain offense in this state, and he is brought for trial thereon from another state upon the requisition of the governor, and in the meantime he is indicted in this state for another offense, he may be tried upon the last indictment, without first giving him a reasonable opportunity to return to the state from which he was brought.

*Appeal from Jones District Court.*—HON. JAMES D. GIFFEN, Judge.

SATURDAY, OCTOBER 7, 1893.

THIS is an appeal by the defendant from a judgment in a criminal prosecution upon an indictment charging him with the crime of forging a promissory note.—*Affirmed.*

*John S. Welch,* for appellant.

*John Y. Stone,* Attorney General, and *Thos. A. Cheshire,* for the State.

ROTHROCK, J.—The defendant was indicted for the crime of obtaining money under false pretenses. After the crime was committed, he left this state, and went to the state of New York. A requisition was made upon the governor of that state for the extradition of the defendant, upon the ground that he had been indicted in this state, and he was returned to this state in pursuance of the requisition. After he was brought to this state, and while he was in custody under that indictment, he was indicted for forging a promissory note. When he was brought into court on the last indictment, he made a motion to be discharged from restraint on the indictment for forgery, on the ground that he was not extradited on that charge, and that, being in restraint on the first charge, he could not be required to plead to the second indictment, nor could he be restrained of his liberty by reason thereof, he never having had an opportunity to return to the state of New York. The court overruled the motion, and required the defendant to plead to the indictment. A plea of guilty was entered, and the defendant was sentenced to imprisonment in the penitentiary for two years.

It appears from the abstract in the case that the two indictments were founded upon wholly different and distinct charges, and, as we understand it, they did not involve the same transaction. The record does not show what disposition was made of the indictment of obtaining money under false pretenses. It is stated in argument that the defendant was sentenced to imprisonment for one year on that charge.

The question presented for decision is stated by counsel for the appellant in the following language: "Can a party taken from one country or state to another, upon proceedings of extradition, legally be held to answer to another and different offense than that upon which he was so extradited, without being given an opportunity to return to the state of his asylum?"

This case does not involve any question of international extradition. The defendant's removal from the state of New York to this state was not procured by any fraudulent pretense or representation made to him for the purpose of bringing him within the jurisdiction of our courts. It is provided by section 2, article 4, of the constitution of the United States, that "a person charged in any state with treason, felony or other crime, who shall flee from justice and be found in another state, shall on demand of the executive authority of the state from which he fled be delivered up to be removed to the state having jurisdiction of the crime." There was no abuse of this constitutional provision in this case. Extradition was not resorted to as a means of procuring the presence of the defendant in this state for the purpose of serving him with process in a civil action. There can be no question that the grand jury of Jones county, in this state, had the power to find the second indictment against the defendant, and there was the same right of extradition upon that charge that there was on the first indict-

ment. · His counsel states in argument that he was sentenced to the penitentiary for one year on the first indictment, and the imprisonment of two years on the second indictment was to commence at the expiration of the imprisonment on the first.   It will be observed that what the defendant demanded was that the second indictment should be held in abeyance until he was discharged from imprisonment on the first, and until a reasonable time and opportunity had been given him after his release on the first charge to return to New York, from which asylum he was forcibly taken on the first charge.

There is a conflict of authority upon this question. This court is committed to the doctrine that, when a person is properly charged with a crime, the courts will not inquire into the circumstances under which he was brought into this state, and within the jurisdiction of the court.   *State v. Ross*, 21 Iowa, 467.   It is true that the defendants in that case were not brought to this state under a requisition upon the executive of another state.   They were arrested in the state of Missouri without legal warrant, and after being forcibly brought to this state they were rearrested, and turned over to the civil authorities, and indicted.   It is said in that case that, "the officers of the law take the requisite process, find the persons charged within the jurisdiction, and this, too, without force, wrong, fraud, or violence on the part of any agent of the state, or officer thereof.   And it can make no difference whether the illegal arrest was made in another state or another government.   The violation of the law of the other sovereignty, so far as entitled to weight, would be the same in principle in the one case as the other.   That our own laws have been violated is sufficiently shown by the indictment.   For this the state had a right to detain the prisoners, and it is of no importance how or where their capture was effected."   In the case at bar the

defendant was properly indicted, and, when process was issued on the indictment, it is of no importance by what authority he was brought into this state.   In support of this doctrine:   *State v. Stewart*, 60 Wis. 587; *Ham v. State*, 4 Tex. App. 645; *State v. Brewster*, 7 Vt. 118; *Dow's Case*, 18 Pa. St. 37; *State v. Wensel*, 77 Ind. 428; *Kerr v. People*, 110 Ill. 627.   The first two cases above cited are founded on facts substantially the same as the case at bar.   As we have said, there is a conflict of authority upon the question.   The cases will be found collected in 7 Am. and Eng. Encyclopedia of Law, 648.   We have no disposition to depart from the rule adopted by this court in *State v. Ross*, *supra*, and the judgment of the district court is AFFIRMED.