## STATE OF IOWA v. RICHARD ROWE, Appellant.

**Criminal Law:** EMBEZZLEMENT: *Accessories.* One may, independ-
ently of statute, be an accessory by procuring a crime, although
he is incompetent to commit the crime in person.

PRINCIPAL AND ACCESSORY: *Construction of statute.* The declara-
tion of Code 1873, section 4314, that one aiding or abetting the
commission of a public offense is a principal, enlarges the scope
of section 3908, providing that public officers who shall convert to
their own use money intrusted to their care and keeping shall be
guilty of embezzlement; and therefore, one not a public officer,
and who therefore, would not violate section 3908 if he took the
money himself, may commit the crime of aiding and abetting
another, who is such officer.

INFORMATION CONSTRUED. An information which charges one with
embezzlement by aiding and abetting another in the commission
of such offense, does not charge defendant as an accessory before
the fact.

**Extradition.** One extradited under an information containing a single
count may be prosecuted under an indictment charging the same

offenses in different counts, presenting different ways in which the offense was committed.

INFORMATION AND INDICTMENT. The treaty of the United States with Mexico provides for the surrender of persons "to justice * * * who being accused of the crimes enumerated," etc. *Held*, that such provision means that he is to be accused in due form of law, and hence it applies to one who is accused on information, as well as one charged by indictment, since an information is one of the forms of accusation prescribed by statute.

Appeal: REVIEW. The appellate court cannot take notice of a mere remark in argument to the effect that defendant in a criminal case was forced to trial before a jury that had fixed opinions as to one of the facts essential to his conviction.

*Appeal from Poweshiek District Court.—*HON. D. RYAN, Judge.

TUESDAY, JANUARY 18, 1898.

INDICTMENT for embezzlement. Verdict of guilty, and a judgment of imprisonment, from which the defendant appealed.—*Affirmed.*

*J. T. Allensworth* for appellant.

*Milton Remley,* attorney general, for the state.

GRANGER, J.—I. The indictment charges that Chester W. Rowe, as county treasurer of Poweshiek county, Iowa, embezzled thirty thousand dollars of money belonging to the county, and that the defendant aided and abetted him in so doing. The defendant was not a public officer, and bore no trust relation whatever as to the money charged to have been embezzled. To get directly to the point, it may be said that, had he taken the money without any reference to Chester W. Rowe, he could not have been indicted and convicted of embezzlement. If the charge of embezzlement can be sustained, it is solely on the ground that he aided or abetted Chester W. Rowe to

commit such a crime.  In view of this situation, the
question is presented: Can one who, by himself, could
not be a principal in the crime of embezzlement, be an
accessory to the crime, in the sense of aiding and abet-
ting its commission?  The question leads to a considera-
tion of our statutory provisions.  Section 3908 of the
Code of 1873 provides that public officers who shall con-
vert to their own use money intrusted to their care and
keeping shall be guilty of embezzlement.  The following
is section 4314: "The distinction between an accessory
before the fact and a principal is abrogated and all per-
sons concerned in the commission of a public offense,
whether they directly commit the act constituting the
offense or aid and abet its commission, though not pres-
ent, must hereafter be indicted, tried and punished as
principals."  The question is urged: If Richard Rowe
could not be principal in the crime of embezzlement if
he took the money himself, how can he be if he merely
advises the taking of it?  The answer is not difficult.  It
is because the law makes him so.  It is just as com-
petent for the legislature to make one who aids another
to commit embezzlement an embezzler as it is to make
the principal actor one.  It is merely a question of legis-
lative intent.  The difficulty of the argument is in bring-
ing into it the thought of accessoryship, and that
there is a charge of that character when there is no
such purpose.  The section quoted abrogates the
relationship of accessory before the fact to crimes in
this state, and fixes the crimes and punishment for one
who aids and abets another in the commission of a pub-
lic offense.  If he aids and abets another to commit a
crime, he is guilty of the same crime as the other, and
subject to the same punishment.  The effect of section
4314 is to enlarge the scope of section 3908, so that other
persons than those therein specified may be guilty of
embezzlement by doing the acts specified.  Stress is

placed upon the fact that section 4314 was enacted in 1843, and section 3908 not until 1851; so that, in the enactment of section 4314, reference must have been had to the rule of accessory before the fact; and, as the crime of em... ezzlement was not know to the common law, there could have been no intent to have it apply to embezzlement. A sufficient answer is this: Both provisions were embraced in the Code of 1851, in the Revision of 1860, and in the Code of 1873. In each instance the manner of adoption was such as to make all embraced therein part of one act, so there can be no doubt of their being provisions of the law that should be considered together. *Hunt v. Insurance Co.*, 67 Iowa, 742. In *State v. Smith*, 100 Iowa, 1, in considering section 4314, we said: "The effect of this provision is to make the offense of one who at common law would have been an accessory before the fact substantive and so far independent that he may be indicted, tried, and punished, and as a principal, without regard to the prosecution of the person who at common law would have been the principal." The whole matter is concluded in this one proposition; that the statute, in effect, provides that one who aids and abets another to commit embezzlement is himself guilty of embezzlement, and shall be punished accordingly. The authority of the legislature to so provide is not doubted. But, independent of our statute, appellant's position is not sound. One may be an accessory by procuring a crime, although such procurer is incompetent to commit the offense in person. *State v. Comstock*, 46 Iowa, 265; 1 Am. & Eng. Enc. Law. (2d ed.) 260, and cases there cited.

II. Preliminary information was filed before a justice of the peace in July, 1895, charging the offense of embezzlement in the manner we have stated, and

such information was made the basis of proceedings by which defendant was extradited from the republic of Mexico. The point is made that in the information he was charged as an accessory before the fact, and was brought to Iowa, and tried on an indictment charging him as principal. The mistake is in the facts. He was not charged as accessory in the information, but as counseling and advising the commission of the crime of embezzlement by Chestr W. Rowe. As to that particular fact, there was no difference between the information and indictment. By the information the defendant was, in express terms, charged with the crime of embezzlement, followed by the averment of facts that constituted the offense. This information was before the authorities of Mexico, and they could judge of its sufficiency under its treaty with our government. It is true that in *U. S. v. Rauscher*, 119 U. S. 407 (7 Sup. Ct. Rep.234,) it is held that a treaty to which the United States is a party is a law of the land, of which all courts, federal and state, are to take judicial notice, and by the provisions of which they are to be governed, so far as they are capable of judicial enforcement; and that, under our treaty with Great Britain, where a defendant was extradited on a charge of murder, the extradition proceedings clothed him with an exemption from trial for any other offense until he has had the opportunity to return to the country from which he was taken for the purpose alone of trial for the offenses specified in the demand for his surrender. In that case the charge on which extradition was obtained was murder on the high seas, and the defendant was placed on trial under an indictment charging cruel and unusual punishment. The rules we have stated were announced under such facts. In this case the defendant was extradited on a charge of embezzlement, and tried for the same offense, and the case seems to be clear authority for the procedure. The rule of the *Rauscher Case* seems

to be applicable only to international extradition. *Lacelles v. Georgia,* 148 U. S. 537, (13 Sup. Ct. Rep. 687); *State v. Kealy,* 89 Iowa, 94.

III.  Our treaty with Mexico provides for the surrender of persons "to justice  *  *  *  who being accused of the crimes enumerated," etc.  It is urged that the treaty means charged or accused in an indictment where the crime, is so punishable, and not accused or charged with the offense in an information on which he cannot be tried.  That he is to be charged or accused means no more than that he is to be charged or accused in due form of law.  Spear, Extradition p. 360.  The charge is to be made in the state or country in which the alleged crime is committed, and by "due form of law" is meant due form of law in that state or country.  The charge upon information, as in this case, is one of the forms prescribed by our law, as is also the further proceeding on indictment. The information contained but a single count, and it is true the indictment contained five counts, but all charged but the one offense of embezzlement.  The different counts in the indictment but charged the offense to have been committed in different ways, and no authority coming to our notice denies the right to such a procedure.

IV.  It is said the defendant had the right to contest the guilt of Chester W. Rowe on the trial of this indictment.  The cause was submitted to the jury, on the theory that there could be no conviction unless the evidence showed beyond a reasonable doubt that Chester W. Rowe embezzled the money, as stated in the indictment, and the cause was tried throughout on that theory.  A mere remark in argument refers to the right of defendant to an impartial jury, and it is said defendant was forced to trial before a jury that had fixed opinions as to the guilt of Chester W. Rowe.  There is no reference to any ruling

or facts to guide us, and we do not discover any error in the respect suggested.

V. It is next said that the verdict has not support in the evidence. The evidence on which the verdict rests is entirely circumstantial, because of which less than a presentation of the whole would not correctly and fairly disclose the basis of our conclusion. It so happens at times that the convincing or conclusive force of evidence, as disclosed by a record, consists largely of minor details and undisputed facts, that carry conviction, and leave little room for doubt, when less than an entire presentation would fail to justify a conclusion otherwise fully warranted. Of the guilt of the defendant there is little room for doubt. The evidence in the case, fairly considered by an impartial person, would leave no reasonable doubt of guilt. That Chester W. Rowe was guilty of embezzlment no one questions. The presence of defendant at Montezuma just before the departure of his brother with the money, their somewhat strange conduct, the times of their leaving, their meeting and journeying to Mexico, their false statements as to their previous places of residence and business, their having money, and engaging in business under assumed names, and the defendant's manifest desire to conceal his identity when the question of who was guilty of the offense was being considered or talked of, with many incidental facts, satisfy us that the finding of the jury is warranted. The instructions are a fair presentation of the law, and in a way that there was no error in refusing instructions asked. The result is a clear vindication of the law, and the judgment will stand AFFIRMED.