STATE OF IOWA, Appellee, v. ELMER HAMILTON et al., Appellants.

**BAIL:** Relief From Forfeiture—"Producing" Defendant. The statutory provision (Sec. 5519, Code, 1897) that sureties on a bail bond will be wholly exonerated if the defendant is "produced in execu-

tion of a judgment of imprisonment" has no application when the prisoner is "produced" *as a result of the activities of the State, under a bench warrant;* and this is true even though the sureties tender to the State the amount of the expense attending the recapture of the defendant.

*Appeal from Page District Court.*—GEORGE W. CULLISON, Judge.

APRIL 3, 1923.

REHEARING DENIED NOVEMBER 20, 1923.

PROCEEDINGS on motion of the defendant Elmer Hamilton and the defendants John Irwin, Jr., and John Kendall, sureties on a bail bond, to have the forfeiture which was entered upon the failure of the defendant Hamilton to appear, set aside, and the bond exonerated. The motion was overruled, and all the defendants appeal.—*Affirmed.*

*John J. Hess* and *Stephens & Thornell,* for appellants.

*George A. Anderson,* County Attorney, and *W. E. Mitchell,* for appellee.

STEVENS, J.—Elmer Hamilton was tried in the district court of Page County, upon an indictment charging him with the crime of robbery, and on March 24, 1922, a verdict of guilty was returned against him by the jury. He was released on a bond in the sum of $8,000, signed by appellants as sureties. The defendant failed to appear on April 3d, the date fixed for pronouncing judgment, and an order forfeiting the bond was entered by the court. A bench warrant was issued, and delivered to the sheriff, who apprehended the defendant near the Mexican line in Texas, and returned him to Page County for sentence. Judgment ordering him confined in the penitentiary at Fort Madison for an indeterminate term not exceeding 20 years was entered, and he is now serving said sentence. Later, but at the same term of court, the appellants filed their motion and amendment thereto, asking that the forfeiture of the bond be set aside and the bond exonerated, on the ground that the defendant had been produced, in execution of the judgment en-

tered against him. Upon hearing, the motion was overruled by the court.

Section 5516 of the Code provides as follows:

"If, before the final adjournment of the court for the term, the defendant appear and satisfactorily excuse his failure, the court may direct an entry to be made on the record that the forfeiture of the undertaking or deposit be discharged."

This statute confers a large discretion upon the court in passing upon the excuse offered by the defendant for his default. No excuse for the failure of defendant to appear was offered in this case; hence this statute has no application to this case. The motion is based solely upon the provisions of Code Section 5519, which section is as follows:

"The undertaking of bail will in all cases be exonerated, the sureties discharged and, if a judgment has been docketed and lien perfected as in this chapter provided, the same released and satisfied, if the defendant is produced in execution of a judgment of imprisonment, or commitment for a fine, or fine and costs, or if the judgment is for a fine or fine and costs only, without an order of commitment. When the bail is exonerated, sureties discharged and lien released, the clerk must at once enter a satisfaction of the judgment, making a memorandum of the facts, following the docket entry thereof, and if judgments have been entered up in other counties, he shall transmit to the several clerks of such counties a certified copy of such satisfaction and memorandum, who shall enter the same in the same manner, and from and thereafter such judgment shall be canceled and satisfied."

The sole question presented upon this appeal for decision is: Was the defendant, who was apprehended and arrested upon a bench warrant and brought into court by the sheriff for sentence, produced in execution of the judgment, in such sense as to exonerate the sureties on the bond?

Section 4994 of the Revision of 1860 provided that:

"If, before judgment is entered against the bail, the defendant be surrendered or arrested, the court may in its discretion, remit the whole, or any part, of the sum specified in the undertaking."

This section was carried into the Code of 1873 as Section

4600, but was dropped from the Code of 1897, and Section 5519 was enacted. Prior to the enactment of Section 5519, if the defendant was *surrendered* or *arrested,* the court might, in its discretion, "remit the whole, or any part, of the sum specified in the undertaking." No such discretion is conferred by Section 5519 upon the court. This statute is mandatory in form, and if the defendant is produced in execution of a judgment, the sureties are discharged, and if a judgment has been docketed and a lien perfected, as therein provided, it will be released. It is made the duty of the clerk to enter satisfaction of the judgment, if one has been entered, by making a "memorandum of the facts, following the docket entry thereof." The question is wholly one of statutory construction. It will be observed that the corresponding provision of the Revision of 1860 and of the Code of 1873 used the words *"surrendered or arrested."* Neither of these words was retained or is to be found in Section 5519.

It is the theory of counsel for appellee that the word "produced," as employed in Section 5519, refers to some act on the part of the bondsmen by which the defendant is brought into court for judgment, or in execution thereof, and that the apprehension and arrest of the defendant by the sheriff upon a bench warrant are not equivalent thereto; whereas counsel for appellants contend that the statute contemplates no distinction between production of the defendant by the sureties upon his bond, and by the sheriff upon a bench warrant. We said, in *State v. Sandy,* 138 Iowa 580:

"Technically considered, bail is the delivery of a person to the sureties on his bond, he being supposed to continue in their friendly custody, instead of jail; so that the sureties on the bail bond become the bailees or custodians of the person of their principal, and may, at any time before the entry of forfeiture, or possibly judgment, be exonerated by his surrender, as provided by statute."

Appellants, by the execution of the bond, secured the release of the defendant from the custody of the sheriff, and themselves assumed the responsibility for his appearance or production in court at the time and for the purpose fixed in the bond. In other words, the instrumentalities of the state were, for the time being, suspended, and appellants became the custodians

of the defendant. The very essence of the obligation assumed by the sureties upon a bail bond is that they will produce the accused in open court, in accordance with the terms of the bond, in order that he may abide the orders and judgment of the court. This statute was enacted for the benefit of sureties upon the bail bond, and contemplates that such sureties will act in good faith, and fully perform the obligations of their undertaking. This can only be done by their production of the defendant, in accordance with the terms of the bond. The apprehension and arrest of the defendant upon a bench warrant were made necessary because of the default of the defendant and the sureties on his bond. The instrumentalities of the state were used, to perform the duty assumed by appellants. Surely, the apprehension and arrest of the defendant by the sheriff did not operate to the advantage of the sureties, whose default made the pursuit and arrest of the defendant necessary. The tender of the expenses of the sheriff had no effect upon their obligation. The word "produced," as used in Section 5519, is somewhat more comprehensive than the word "surrendered," as used in former Codes; but the distinction, as applied to the facts of this case, is quite immaterial. The omission of the word "arrested" from Section 5519 is significant. The production of the defendant in execution of the judgment contemplates an act on the part of the sureties, and not of the sheriff.

Some suggestion was made in oral argument that the recent opinion of this court in *Bruntlett v. Carroll County*, 193 Iowa 875, extends the scope and effect of Section 5519. The *Bruntlett* case deals with an entirely different question, and the decision is based upon the fact that the defendant in that case was produced by the bondsmen, in execution of the judgment. The decision in that case gave effect to the plain provisions of the statute, and no more, and is in no respect in conflict with the conclusion reached herein.

The order and judgment of the court below is—*Affirmed.*

ARTHUR, FAVILLE, and DE GRAFF, JJ., concur.