STATE OF IOWA, Appellant, v. SYLVESTER ROBINSON et al., Appellees.

APRIL 3, 1928.

O. N. Refsell, County Attorney, for appellant.

Sullivan, McMahon & Linnan, for appellee.

KINDIG, J.—Necessary to an understanding of the legal questions involved is a recitation of the material facts.

On February 5, 1926, a warrant was issued by the mayor of Estherville, charging the defendant Merle McGilligan with the offense of resisting an officer. Accordingly, arrest was made that day. Afterwards, on February 19th, McGilligan executed and filed with the mayor an appearance bond in the penal sum of $1,000. Appellee A. W. Hall was the surety on said undertaking. This instrument was duly approved, and the prisoner released. He presented himself in person for the preliminary hearing, March 22d. Evidence was introduced, and the cause was adjourned until 5 o'clock P. M., March 23d, for final de-

termination; but the accused did not appear on the last named date. Consequently, the following order was entered:

"It is thereupon ordered and directed by the court that the said bond and undertaking of bail be, and it hereby is, declared to be forfeited."

A transcript of such proceedings was filed in the district court, March 27th. Thereafter, a forfeiture action was instituted in the court below, and judgment finally rendered, May 24th, against appellee, "the surety," for the full amount of the "bond." Then, within 60 days, appellee endeavored to, and did, deliver, at his own expense, the absconding Merle McGilligan (whom he located in the jail of Kossuth County) to the sheriff of Emmet County, and took the required steps during the statutory period to set aside the "judgment of forfeiture." Hence, the trial court sustained appellee's prayer, and afforded him the redress, in accordance with Section 13636 of the 1924 Code.

Three grounds for reversal are urged by the State. They are: First, the "bondsman" did not at his own expense deliver defendant McGilligan into the custody of the sheriff; second, the necessary prerequisites were not met, in that the incurred costs were not all paid; and third, the judgment was conditional, rather than absolute.

These propositions will now be considered in their order.

I. At the outset, the State contends that the arrest of the defendant McGilligan was made upon a warrant in the hands of the sheriff, and that this was done through the efforts of that officer in the ordinary performance of his duty, rather than because of the voluntary surrender of the "prisoner" by appellee to such official.

Substantiation for this position is predicated upon the testimony of several witnesses, including the sheriffs of Emmet and Kossuth Counties. It is said by them that information concerning the whereabouts of McGilligan was obtained by the sheriff of Emmet County directly from the sheriff of Kossuth County, and arrangements made for the surrender of the absconder before any communication was received from appellee concerning the subject-matter. That evidence was presented to the trial court, together with contradictory testimony offered by appellee to the effect that it was he who delivered "the

prisoner" to the sheriff of Emmet County, as required by statute.

One J. H. Palmer said that, at the time of the defendant McGilligan's default, the appellee was engaged in business at Buhl, Minnesota, a considerable distance from Estherville, Iowa, and because personal attention could not be given to the matter, the affiant, Palmer, was delegated to arrange for and make delivery of McGilligan to the proper sheriff; and, in accordance with such instruction and authority, he, Palmer, agreed with the sheriff of Kossuth County that, upon the expiration of McGilligan's term in the county jail there, he was to be turned over to the sheriff of Emmet County. Following this, the agent, Palmer, interviewed the sheriff of Emmet County, and had an understanding with him concerning the "delivery" of the fugitive. All of this was to be at appellee's expense, and the sheriff of Emmet County so agreed. Further, the testifier said:

"That the 'appellee' has at all times acted in good faith, and has made every effort to apprehend said McGilligan and did deliver said Merle McGilligan to the sheriff of Emmet County, Iowa, at Algona, Iowa, on or about the 27th day of May, 1926, and within sixty days from the date of entering judgment against 'the appellee' on the bond above referred to * * *."

Such conflicting "evidence" was submitted to the district court upon which to make a finding, and accordingly that tribunal performed the functions of his office in that regard, with the following result, as shown by a quotation from his order:

"It is expressly found that the said A. W. Hall did, within sixty days from the date of the judgment on said bail bond, cause the defendant Merle McGilligan to be surrendered to the sheriff of Emmet County, Iowa, at his expense, and that he has complied with the provisions of Section 13636 of the Code of 1924 of the state of Iowa * * *."

Therefore we are bound; for we cannot interfere in the premises, because there were "facts" upon which to base the "finding." *Bell v. Courteen Seed Co.*, 197 Iowa 120; *Bloomfield Davis County Messenger v. Bloomfield Democrat*, 201 Iowa 196; *North American Ginseng Co. v. Gilbertson*, 200 Iowa 1349. In the latter case, we said:

"The case was tried to the court without a jury, and therefore the conclusion reached below on the facts has the same weight as the verdict of a jury."

II. However, appellant contends that the "delivery" was not made to the sheriff at the expense of the appellee, and for authority cites *State v. Hamilton*, 196 Iowa 998, and *Bruntlett v. Carroll County*, 193 Iowa 875. *Bruntlett v. Carroll County*, supra, recites:

"The defendant in the criminal action was later located in Mexico by the appellant, from which place he could not be legally extradited for the crime for which he had been indicted. The appellant, at his own expense, however, procured the return of the said Corles R. Bruntlett [the defendant] to the state of Iowa, and during the same term of the district court, and after said judgment had been duly entered on said bond, presented the said Corles in person in open court. Thereupon, the said Corles entered a plea of guilty to the charge contained in the indictment returned against him, and judgment and sentence were pronounced thereon, and he was committed to the reformatory at Anamosa."

We held, in that instance, that the unsatisfied judgment obtained on the forfeited bail bond was thereby released and discharged.

*State v. Hamilton*, supra, embraces a different set of facts. There "a bench warrant was issued, and delivered to the sheriff, who apprehended the defendant near the Mexican line in Texas, and returned him to Page County for sentence. * * * Later, but at the same term of court, the appellants filed their motion and amendments thereto, asking that the forfeiture of the bond be set aside and the bond exonerated, on the ground that the defendant had been produced, in execution of the judgment entered against him."

Continuing, we observed:

"The sole question presented upon this appeal for decision [*State v. Hamilton*] is: Was the defendant, who was apprehended and arrested upon a bench warrant and brought into court by the sheriff for sentence, produced in execution of the judgment, in such sense as to exonerate the sureties on the bond?"

Our conclusion was, under the facts presented in that case, that he was "not produced in execution of the judgment."

The historical development of the law involved is carefully stated in the *Hamilton* case. Referring to the various legislative enactments, we declared, in the cited case:

"It will be observed that the corresponding provision of the Revision of 1860 and of the Code of 1873 used the words *'surrendered or arrested.'* Neither of these words was retained or is to be found in Section 5519 [Code of 1897] * * *. The very essence of the obligation assumed by the sureties upon a bail bond is that they will produce the accused in open court, in accordance with the terms of the bond, in order that he may abide the orders and judgment of the court."

Another change was made in the statutory law, as set forth in said Section 13636 of the 1924 Code, thus making inapplicable the previous legislation and the judicial interpretation thereof. Said enactment is:

"Such judgment [for forfeiture] shall never be set aside unless, within sixty days from the date thereof, the defendant shall voluntarily surrender himself to the sheriff of the county, or his bondsmen shall, at their own expense, *deliver him to the custody of the sheriff* [the italics are ours] within said time, whereupon the court may, upon application, set aside the judgment and in such event the original appearance bond shall stand and the court may order refund of the amount of the judgment paid in to the office of the clerk of the court. Such judgment, however, shall not be set aside unless as a condition precedent thereto the defendant and his sureties shall have paid all costs incurred in connection therewith."

Here the trial court found that the defendant McGilligan was "delivered" to the sheriff of Emmet County at appellee's expense, and the record shows that the costs and expenses were paid by appellee. No doubt appellee could not require the sheriff of Emmet County to go into another county, or travel any distance whatever to receive the absconder, the delivery of whom is offered. Nevertheless, if such sheriff is at, or voluntarily goes to, the point of "delivery," and there receives the "prisoner" under such transfer of custody by the surety, there is no reason why the statutory requirement is not met, so long as the expenses of so doing are paid by the bondsmen. To put the thought in

another way, "delivery," as contemplated by the Code section, may be made to the sheriff where that officer has authority to receive the defendant, if the financial outlay is borne by the deliverer; and this is true even though the appellee cannot insist or demand that the sheriff accept the "fugitive" at any place except the spot where, under the bond, the "fugitive" is to answer the judgment of the court. So, as in this case, when the sheriff is actually present at the jail of another county, and is then willing to receive the defendant, no reason is presented why the "surety" cannot make the "statutory delivery" to him there, provided that the "expenses" are paid.

III.  Furthermore, it appears in the record that, at the time of the "forfeiture," there was no legal "call" of the defendant.  Failure in this prerequisite is fatal. *State v. Gorley*, 2 Iowa 52; *State v. Van Buskirk*, 190 Iowa 1147; *State v. Kronstadt*, 204 Iowa 1151.

Whether or not this point can be raised on appeal, when it was not interposed as an objection to the entry of judgment, we need and do not here decide, because of the position we have taken in the previous discussion.

IV.  Appellant's complaint that the costs were not paid is without merit, for the record reveals that the "costs of the forfeiture" were satisfied on the day the order was entered from which this appeal is taken.

V.  Returning again to said Section 13636, it is found that the final sentence is:

"Such judgment, however, shall not be set aside unless as a condition precedent thereto the defendant and his sureties shall have paid all costs incurred in connection therewith."

Attempt on the part of the trial court to comply with this mandate resulted in the following statement, set forth immediately after the judgment:

"That, as a condition precedent to the setting aside of said judgment, that the defendant Merle McGilligan or his surety, A. W. Hall, pay to the clerk of the district court of Emmet County, Iowa, all costs incurred in connection with the forfeiture of said bond and the surrender of the defendant Merle McGilligan, and it is further ordered, adjudged, and decreed that, upon the

payment of said costs, as above provided for, that the clerk of the district court of Emmet County, Iowa, satisfy and cancel of record said judgment.''

Apparently the very phraseology of the statute was embodied therein, and there was proof that the costs and expenses were fully met and satisfied; so the State has no just complaint.

The judgment of the district court is affirmed.—*Affirmed.*

STEVENS, C. J., and EVANS, FAVILLE, DE GRAFF, ALBERT, MORLING, and WAGNER, JJ., concur.