STATE OF IOWA, Appellee, v. WILLIAM PINK THOMASON, Appellant.

No. 43967.

DECEMBER 14, 1937.

John H. Mitchell, Attorney General, Buell McCash, Spec. Asst. Attorney General, and O. E. Anderson, County Attorney, for appellee.

E. F. McEniry and Thomas E. Mullin, for appellant.

ANDERSON, J.—The defendant was charged in a county attorney's information jointly with one Elmer Boyles, alias Joe More, with a violation of Code section 12936. The defendant, William Pink Thomason, was tried separately. The facts are not in controversy. The defendant offered no testimony. The State's testimony, so far as shown by the record, shows that on the date charged in the information the defendants, after following a truck loaded with liquor for some distance, were blocked on a side road by the officers of Union and Clarke Counties, and in their attempt to get away drove their automobile into a road ditch and were arrested by the officers. As the defendant, Thomason, got out of the automobile he threw away two forty-five caliber automatic revolvers. Another revolver was found in the side pocket of the automobile and a rifle was also found behind the seat. The defendant was the owner of the automobile and also admitted to the officers that he had purchased the firearms in Illinois a few days prior. There is no claim that either of the defendants had a permit to carry concealed weapons or carry weapons in the car and the testimony of the state shows that no such permit was issued. Such is the testimony upon which the case was submitted to the jury. A verdict was returned finding the defendant, Thomason, guilty as charged and the defendant appeals.

Several assignments of error are made by the defendant involving the refusal of the court to direct a verdict for the defendant and also involving certain instructions of the court, but they can all be narrowed down to one question, that is, that the testimony fails to show that defendant, Thomason, was the "operator" of the automobile in which the weapons were being carried.

The statute, section 12936, under which the defendant was charged provides:

"No person shall carry a pistol or revolver concealed on or about his person or whether concealed or otherwise in any ve-

hicle operated by him, * * * without a license therefor as herein provided.''

■■■ The defendant contends that he was a passenger *only* in his own automobile and that he was not in any way in control of the movement or operation of the car and could not under any circumstances be held to be in ''operation'' thereof. The defendant bases this contention not upon the general accepted definition of the word ''operate'' but upon the definition included in section 4960-d1, which is a part of chapter 251 of the Code. The section referred to defines ''operator'' as ''Every person, other than a chauffeur, who is in actual physical control of a motor vehicle upon a highway.'' And the section first provides that ''The following words and phrases when used in this act shall *for the purpose of this act* have the meaning respectively ascribed to them in this section, except in those instances where the context clearly indicates a different meaning.'' (Italics supplied.) It is clear that the definitions included in the section quoted are only for the purpose of construing the particular act, chapter 251, and cannot mean that such definitions shall be applicable to criminal statutes found in other and distinct chapters of the Code. Our statute provides that words and phrases in the statutory law shall be construed according to the context and the approved usage of the language. (Code section 63.) Webster's International Unabridged Dictionary defines the phrase ''to operate'' as meaning to manage or to conduct, and in State v. Erle, 210 Iowa 974, 978, 232 N. W. 279, 281, we defined the word ''operate'' as meaning ''to act or control, or manage authoritatively.'' The California appellate court has furnished another definition saying that ''to drive'' means ''to impel the motion and quicken;'' and ''to operate'' means ''to direct or superintend.'' Bosse v. Marye, 80 Cal. App. 109, 250 Pac. 693, 696.

Our own court quite recently in the case of State v. Myers, 207 Iowa 555, 223 N. W. 166, seems to have definitely settled the question under consideration. In that case the defendant was charged with operating a motor vehicle while intoxicated. The evidence disclosed that the defendant was the owner of the car and was riding in it. Both the defendant and the driver had been drinking and their common mission in driving the car was

to procure and drink more liquor. The defendant was charged with a violation of Code section 5027, which provides:

"Whoever, while in an intoxicated condition, operates a motor vehicle [upon the public highways of this state] shall, upon conviction, be sentenced * * *". The defendant was convicted under this section and the case was reversed because the court failed to give instructions on the question of accomplice and on the question of aiding and abetting in the commission of a crime. And in discussing these questions former Justice Morling of this court used the following language:

"Even though only one person can be engaged in the physical operation of a motor vehicle at one time, and even though another may be incompetent in person to commit the crime, it is plain that such other, though not engaged in such physical act, may have caused or aided in the operation by the drunken person, and hence be liable to indictment therefor. State v. Comstock, 46 Iowa 265; State v. Rowe, 104 Iowa 323, 73 N. W. 833. * * * We have no doubt that Glotfelty [the defendant], on his own testimony, could have been indicted and convicted of the offense here charged. * * * [He] was undoubtedly an accomplice."

In the instant case the court did submit to the jury the questions as to accomplice and accessory in instruction No. 8, which is as follows:

"Under the law of this State the distinction between principal and accessory has been abolished, and all persons engaged in the commission of a public offense must be indicted or informed against as principals and must be tried and punished as such. In the case at bar if you find the defendant William Pink Thomason was personally present and did knowingly and intentionally aid, abet and assist one Elmer Boyles, alias Joe More, in the carrying around of automatic pistols in a motor vehicle described as a 1936 Ford V-8, and did knowingly aid, assist and abet the said Elmer Boyles in the operating of said motor vehicle, then he was engaged in the operating of said motor vehicle whether he was the actual driver of said vehicle or not. If the proof establishes beyond a reasonable doubt that the defendant was the owner of said motor vehicle and that he was personally present and aiding, assisting and abetting the person who was

actually operating the motor vehicle he was in law engaged in operating said motor vehicle.''

■■■ The defendant contends that since he was not shown to have been driving the car he could not have been guilty of the offense charged because only the driver was in actual physical control of the car in question. We cannot follow the defendant in this contention. Such a construction of the statute would destroy absolutely the purpose of the statute involved. It would also nullify the statute making an accomplice or one who aids and abets the commission of a crime a principal and would prevent his prosecution as such. In the case at bar the defendant, Thomason, was the owner of the car and the owner of the weapons being carried therein. He was not the actual driver of the car although he was in the joint operation of the same. The defendant and his codefendant were no doubt upon a common mission, whatever it was, and both of them knew of the presence of the weapons in the car. When the defendant, Thomason, got out of the car, he had two of the guns in his possession and attempted to throw them away. Prior to driving their car into the ditch the defendants attempted to flee from the officers. They knew of the presence of the weapons in the car and knew that they were violating the law. We can see no escape for the defendant from the conviction and sentence. The evidence was sufficient to sustain a verdict finding the defendant, Thomason, guilty not only of carrying the prohibited weapons in the car jointly operated by himself and another, but also sufficient upon which to base his conviction as aiding and abetting the commission of a crime.

We have carefully read the instructions and are satisfied that the court very carefully anl properly submitted the questions involved to the jury and that no rights of the defendant were prejudiced or violated. Finding no error it follows that the judgment of the trial court must be and is affirmed.—Affirmed.

HAMILTON, C. J., and MITCHELL, KINTZINGER, DONEGAN, RICHARDS, STIGER, and SAGER, JJ., concur.