STATE OF IOWA, Appellant, v. WILLIAM PINK THOMASON et al., Appellees.

No. 44548.

1058

MAY 2, 1939.

O. E. Anderson, Healey & Reynolds, and Kenneth H. Davenport, for appellant.

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, for appellees.

HALE, J.—The defendant William Pink Thomason was tried on a county attorney's information charging him with the crime of carrying pistols in an automobile operated by him and others. He was convicted and sentenced to imprisonment at hard labor in the reformatory at Anamosa for the period of five years. On February 6, 1937, he perfected an appeal to the supreme court and posted an appeal bond with the National Surety Corporation of New York City as surety. The case was affirmed by this court, the opinion being found in 224 Iowa 499, 276 N. W. 619. On January 14, 1938, procedendo was issued, and was filed January 15, 1938, in the office of the clerk of the

district court of Union county. On January 22, 1938, judgment of forfeiture was entered in said cause and notice directed to be given as required by sections 13631 and 13632 of the Code of 1935. On January 24, 1938, the plaintiff filed its petition in the district court, setting out the foregoing facts and that the defendant Thomason had failed to personally appear or surrender himself in execution of the judgment. The petition asked judgment against Thomason, as principal, and the National Surety Corporation, as surety, in the sum of $3,500, the amount of the bond. The appeal bond is in the usual form, duly approved. After the filing of the petition, on February 12, 1938, the surety filed a motion to set aside the forfeiture, alleging that the surety corporation had a meritorious defense; further alleging that it had made a diligent effort to obtain, apprehend, and surrender the principal, and that during the pendency of the appeal the principal was incarcerated in the United States prison at Leavenworth, Kansas, on conviction of a felony; further stating that it had made request and demand upon the United States government for the release of the principal and that such request was denied, but that he would be held for delivery and return to the jurisdiction of the district court at the conclusion of his sentence. The motion offers to perform any and all reasonable conditions that the court may impose upon the remittance of the forfeiture, pay all necessary costs and expenses, and refers to the answer filed in the case. The answer admits the general allegations of conviction and sentence, the giving of the bond, and forfeiture, and sets out as an excuse the indictment by the federal grand jury and conviction by the United States district court of the southern district of Illinois for the commission of a felony alleged to have been committed on the 28th day of November 1936, prior to the date of the offense for which Thomason was convicted in Union county; that on trial Thomason was found guilty and sentenced on June 4, 1937, to imprisonment in the Leavenworth penitentiary, where, on August 7, 1937, he was delivered to the warden of the United States penitentiary and has since been a convict in such institution; and alleged that the defendant surety has not been careless or negligent and has done everything possible that it could do to produce the principal-defendant, which it cannot do on account of his incarceration. The answer further sets out the demand on the United States government and the

1060

denial of its request, and the attempt in good faith by the surety to comply with the conditions of the bond. Other allegations are made, but these are the principal statements in the answer. In such answer the surety does not ask that the appeal bond be exonerated at the time of filing, but that the forfeiture be remitted and the bond reinstated to remain in full force and effect until it becomes possible for the surety to perform and comply with the terms and conditions thereof. On motion of the defendant surety the cause was continued until March 7, 1938. On February 19, 1938, a reply was filed by the plaintiff and a resistance to the motion to set aside the forfeiture, admitting the fact of the indictment and conviction by the federal court in Illinois, and pleading that the matters set up in the answer of the defendant surety do not constitute a defense, and that it was then too late to rely on such matters as a defense. By amendment to the answer, filed on March 7, 1938, the defendant surety corporation stated that, after considerable effort, it had secured the release of Thomason from the federal penitentiary, and had delivered the said defendant in open court to the state of Iowa; that it had paid the expense of securing the release, and transportation; that it was unable to procure him earlier; that it had paid all costs; and it again asked that the forfeiture of the appeal bond be remitted and plaintiff's petition for judgment dismissed. In its amendment to the motion to set aside forfeiture the same facts are shown. On such date of March 7, 1938, the cause proceeded to trial, the defendant Thomason being in court accompanied by a federal officer from the Leavenworth penitentiary. Testimony was taken, and at the conclusion of the testimony the court announced its decision and judgment order was entered that forfeiture be set aside on payment to the clerk of the court by the surety of all costs in the proceedings, together with $500 attorneys' fees for plaintiff's attorneys, and the payment of any additional expense in delivering the defendant Thomason to the warden of the reformatory, and that on delivery of said Thomason to the warden the bond be canceled and of no further force and effect. The court further found that the order and judgment for payment of attorneys' fees and costs had been complied with and the money already paid. From such judgment and order the plaintiff appeals.

The officer from Leavenworth, with the sheriff of Union county, as directed by the court, then proceeded with the

prisoner and the mittimus from the Union county district court to the reformatory, where the prisoner was delivered on the 8th .day of March, 1938, into the custody of the warden, as shown by the receipt of such warden to the sheriff. The sheriff, in addition to the mittimus, filed a separate return in which he alleged that the prisoner was turned over to the warden as a federal prisoner. However, the receipt of the warden on the mittimus shows that he received the prisoner from the sheriff of Union county—''William Pink Thomason, who was sentenced to be confined in the reformatory of the state of Iowa, for the term of five years.''

The grounds of plaintiff's objection to the action and ruling of the court are : (1) That the defendant Thomason has never surrendered himself to the sheriff of Union county, nor has his bondsman, the National Surety Corporation, delivered him to the custody of the sheriff of Union county to submit to the judgment and execution of the district court of Union county, but that the defendant Thomason was a federal prisoner in the custody of the attorney general of the United States and was committed to the reformatory at Anamosa as a federal prisoner; (2) that the imprisonment of the defendant Thomason in the Leavenworth penitentiary was not an excuse why the bail bond should not be forfeited and judgment rendered thereon; and (3) that the trial court was without jurisdiction or authority to commute, pardon, or change the sentence pronounced.

The provisions of law relative to forfeiture of bail are found in chapter 631 of the Code of Iowa, 1935, sections 13631, 13632, 13633, and 13636. The first of these sections provides that:

''If the defendant fails to appear * * * or to surrender himself in execution of the judgment, the court must at once direct an entry of such failure to be made of record, and the undertaking of his bail, * * * is thereupon forfeited.''

The next section (13632) provides for notice to defendant and sureties to appear and show cause why judgment should not be entered.

The third section (13633) provides that:

''If the defendant and his sureties fail to appear, judgment shall be entered by the court. If such defendant and his

sureties shall appear at the time fixed and offer objections to the entering of such judgment, the court shall set the case down for immediate hearing as an ordinary action; * * *. The judgment entered by the court either on default or upon trial shall have the same force and effect as any other judgment of such court.''

Section 13636 provides that the judgment shall not be set aside unless, within sixty days from the date thereof, the defendant shall voluntarily surrender himself to the sheriff, or his bondsman shall, at his own expense, deliver him to the custody of the sheriff within said time. It further provides that, if so delivered, the court may set aside the judgment, and in such event the original appearance bond shall stand, but the court may order refund of the amount of the judgment. It further provides that the judgment shall not be set aside unless the costs are paid by the defendant and his surety.

The principal ground of plaintiff's complaint is that Thomason was not surrendered to the court. Acting under orders of his superior, the officer who returned Thomason to the Union county district court on the day set for trial, remained in charge of him and so continued until the arrival of the prisoner at Anamosa. In the examination of such officer he stated that Thomason would go to the Anamosa reformatory as a federal prisoner as far as he was concerned, but he had turned him over to the sheriff the night before for safekeeping, but was willing to turn him over to the warden for the purpose of carrying out the Union county sentence. The court accepted the prisoner and directed that the sheriff accompany him to Anamosa, where he was received and accepted as a prisoner in execution of the Union county district court's sentence, as shown by the mittimus.

At the outset both parties assume, and we think correctly, as stated by plaintiff in its reply brief, ''that if a surrender and payment of costs after judgment on the bond, would give the court the discretion to set aside the judgment under section 13636, it would necessarily have that effect if made after forfeiture, and before judgment; because the law would surely not require the useless formality of entering a judgment in order to set it aside.'' So the power of the court in either

case, either to set aside a judgment, or on hearing at the trial after forfeiture, would be the same.

■ We have here the refusal of the court to enter judgment, and the forfeiture of the bond. Unless an abuse of discretion on the part of the trial court is shown, we doubt, if, under the holdings of this court, we would have any right to interfere with the action of the court. Under the ruling laid down in the case of State v. Robinson, 205 Iowa 1055, 1058, 218 N. W. 918, 919, the court so held. In that case an appearance bond was filed, duly approved, and the prisoner released, but he failed to appear on the day set for final determination and an order was entered of forfeiture of the bond and undertaking of bail. Judgment was rendered thereon, and before the expiration of the sixty days provided by Code section 13636 the bondsman surrendered the defendant and took steps to set aside the judgment of forfeiture. The state urged that the bondsman did not deliver the defendant into the custody of the sheriff, that the costs were not paid, and that judgment was rendered absolute. The evidence, which was in conflict, was presented to the district court, which entered an order against the state and found compliance with section 13636 of the Code. This court said:

"Therefore we are bound; for we cannot interfere in the premises, because there were 'facts' upon which to base the 'finding.' Bell v. Courteen Seed Co., 197 Iowa 120, 196 N. W. 1006; Bloomfield Davis County Messenger v. Bloomfield Democrat, 201 Iowa 196, 205 N. W. 345; North American Ginseng Co. v. Gilbertson, 200 Iowa 1349, 206 N. W. 610." In the latter case, we said:

" 'The case was tried to the court without a jury, and therefore the conclusion reached below on the facts has the same weight as the verdict of a jury.' "

■ While it appears that a finding of the lower court on conflicting facts cannot be interfered with except in the case of an abuse of discretion, yet the plaintiff insists that there was no such actual delivery. Under the order of the court the sheriff was directed and required to accompany the prisoner, and also the officer from the Leavenworth penitentiary, to Anamosa. The object of so doing was to deliver to the warden of the reformatory the defendant Thomason. The sheriff did so

accompany the prisoner; the prisoner was delivered; the warden receipted on the Union county mittimus; the defendant Thomason is now serving his time on the Union county sentence in the reformatory at Anamosa. The sentence has been carried out, and we fail to see how there has been any deviation from its terms. Also we feel that the finding of the court is such that we cannot and should not interfere, that there has been no abuse of discretion, that the requirements of the law have been fulfilled. It appears that the district court and its operation in regard to the case have not been interfered with to any serious extent, that all costs have been paid, and the prisoner committed to the prison within a reasonable time. The proceedings in the court were not delayed prior to the trial, or the State forced to continue a case set down for immediate trial; but in this case the only manner in which the county could have suffered might have been by additional expense, which was all provided for in the order of the judge, and all expenses paid by the surety.

The facts in the case relied upon by plaintiff, State v. Arioso, 207 Iowa 1109, 1113, 224 N. W. 56, 58, an application to vacate a judgment, differed from the facts in the case at bar, and in that case the court said:

"The very essence of the obligation assumed by the sureties on an appearance bond is that the sureties will produce the accused in open court in accordance with the terms of the bond. He was not produced, and no excuse is shown by the sureties for his nonproduction. * * *

"Had the sureties on the defendant's bond, at the time his cause was called for trial in Plymouth County, explained to the court the fact that the principal (defendant) was in the lawful custody of some other jurisdiction, a different case would be presented here."

II. Plaintiff contends that the imprisonment of the defendant Thomason under conviction of a crime against the United States was not a valid ground for refusing judgment on the bond or setting aside the forfeiture. Our holding on the first assignment of error renders it unnecessary to review the authorities submitted on this proposition.

The holding of the lower court was based on the fact the defendant Thomason had been produced in court to perform

the conditions of the bond, and with this we agree. He had been produced by reason of the comity between the federal and state courts, and was present in such state court. See Ponzi v. Fessenden, 258 U. S. 254, 265, 42 S. Ct. 309, 312, 66 L. Ed. 607, 613, 22 A. L. R. 879, wherein it is said:

"But it is argued that when the prisoner is produced in the superior court [of the state of Massachusetts], he is still in the custody and jurisdiction of the United States, and that the state court cannot try one not within its jurisdiction. This is a refinement which, if entertained, would merely obstruct justice. The prisoner when produced in the superior court in compliance with its writ is personally present. He has full opportunity to make his defense exactly as if he were brought before the court by its own officer. State v. Wilson, 38 Conn. 126, 136. The trial court is given all the jurisdiction needed to try and hear him by the consent of the United States, which only insists on his being kept safely from escape or from danger under the eye and control of its officer. This arrangement of comity between the two governments works in no way to the prejudice of the prisoner or of either sovereignty."

■ III. The facts in the case do not indicate that there has been any attempt to commute, pardon, or change the sentence. Nor do the facts amount to a nullification of the sentence imposed upon Thomason by the Union county district court. The defendant is now in the reformatory under a mittimus issued by the Iowa court, and the fact that he may be serving one or more other sentences of other jurisdictions at the same time cannot change the effect of such sentence. If he obtains credit on his federal sentence, it does not affect the sentence imposed by the state court. The judgment of the Union county court has been executed; the prisoner is serving the sentence directed by such court. The mittimus so directs, and the receipt of the warden so shows. Under these circumstances nothing suggests any pardon or commutation. It is very difficult to find any reason why a man who has been sentenced by the court, has been received by the warden, and is now serving time under a mittimus of the district court, is not a prisoner of the state.

■ IV. In this case the state has suffered little inconvenience and delay. All costs, including attorneys' fees, and including also the expense of conveyance of the prisoner to the

1066

reformatory, have been paid by the bondsman. An order of court shows that the prisoner has been produced for the execution of his sentence, and that everything has been done, except as to the slight delay, which would necessarily have to be done in the carrying out of any sentence. To now assess the bondsman whose principal is serving a sentence in prison seems to us is not the real purpose of bail.

"The purpose of the criminal law is to secure the punishment of criminals, and not to have the state profit financially by the collection of a judgment on a forfeited bail bond." Bruntlett v. Carroll County, 193 Iowa 875, 884, 188 N. W. 142, 145.

See, also, State v. Sandy, 138 Iowa 580, 582, 116 N. W. 599, 600, where it is said:

"The purpose is to assure his attendance on court as required, rather than to profit by the breach of the bond."

We recognize that it is the duty of the state to insist on a compliance with the requirements of an appeal or bail bond, but we think that in this case such requirements have been met. We see no reason for disturbing the judgment and order of the district court, and the cause is, therefore, affirmed.—Affirmed.

STIGER, SAGER, BLISS, OLIVER, and MILLER, JJ., concur.