STATE of Iowa, Plaintiff-Appellee,

v.

Richard D. DODD, Defendant,

Joseph Bognanno, Sr., and Indemnity Insurance Company of North America, Appellants.

No. 2–69237.

Court of Appeals of Iowa.

Jan. 24, 1984.

James R. Bowers of Brick, Seckington, Bowers, Swartz & Gentry, P.C., Des Moines, for appellants.

Thomas J. Miller, Atty. Gen., and Mary Jane Blink, Asst. Atty. Gen., for plaintiff-appellee.

Heard by SNELL, P.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

Joseph Bognanno, Sr. and Indemnity Insurance Company of North America appeal from judgments against them resulting from a bail bond forfeiture action. Appellant, Joseph Bognanno, asserts that there was insufficient evidence to find that he was a surety and that therefore the judgment against him was improper. Both appellants claim that the evidence was insufficient to show that a call was made for the defendant at the time he failed to appear for trial, and that the trial court abused its discretion by entering judgment against the sureties when information furnished by them led to the defendant's arrest, after his failure to appear for trial. The State principally urges that this court lacks jurisdiction because of appellants' untimely filing of notices of appeal, and that the trial court did not abuse its discretion in failing to set aside the judgment entered on the forfeiture of the bond. We reverse and remand.

Proceedings for forfeiture of bail and judgment thereon are civil in nature. They are triable as ordinary proceedings. *LaRue v. Burns*, 268 N.W.2d 639, 642 (Iowa 1978); *State v. Robinson*, 205 Iowa 1055, 1061, 218 N.W. 918, 920 (1928). The findings of fact in this law action are binding upon us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). Statutes imposing forfeiture are strictly construed against the forfeiture, liberally toward those opposing it. *State v. Shell*, 242 Iowa 260, 264, 45 N.W.2d 851, 853 (1951). The court in *Shell* quotes *State v. Thomason*, 226 Iowa 1057, 1066, 285 N.W. 636, 640 (1939), for the proposition that "the purpose of the criminal law is to secure the punishment of criminals, not to have the state profit financially by the forfeiture of

bail." *State v. Shell*, 242 Iowa at 264, 45 N.W.2d at 853.

**I. Notices of Appeal.** Setting out the sequence of events leading up to the filing of the notices of appeal in this matter would unreasonably extend this opinion. It is clear from the record the notices of appeal on behalf of Joseph Bognanno, Sr. and Indemnity Insurance Company of America were timely. In both instances the notices of appeal were filed within the time limits of the rules following the rendition of a final order as to each of the appellants. Accordingly, we conclude that this court has jurisdiction of this appeal. *See Lyon v. Willie*, 288 N.W.2d 884, 886–87 (Iowa 1980); *see also In re Marriage of McCreary*, 276 N.W.2d 399, 400 (Iowa 1979); *Shoemaker v. City of Muscatine*, 275 N.W.2d 206, 208 (Iowa 1979).

**II. Judgment Against Bognanno.** A hearing was held pursuant to a court ordered notice that the sureties appear and show cause why judgment should not be entered for the amount of the bond in this matter. The court's order on July 29, 1982, following that hearing made no findings of fact, but ordered that judgment be entered upon the forfeiture of the bail bond. The record before the court at that time consisted of the bond, the application for its forfeiture, and the resistance made by the surety.

The bail bond is a contract with the State. *State v. Sellers*, 336 F.Supp. 816, 818 (S.D.Iowa 1972). From an examination of the bond documents, along with the power of attorney attached thereto, it is clear that Bognanno acted in an agency capacity only in executing the bond documents and did not contractually obligate himself as a surety on the bond. He acted on behalf of Indemnity Insurance Company of North America under a power of attorney. Acting as an agent, in the scope of his agency, he did not become personally liable for the penalty of the undertaking of his principal, Indemnity. There therefore was insufficient evidence to support the judgment against Bognanno as surety of the bail bond.

**III. Necessity of a Call.** The Iowa Supreme Court has held that before forfeiture of bail may be ordered, it must be shown that there was a call of the defendant who didn't appear. *State v. Robinson*, 205 Iowa at 1061, 218 N.W. at 920. The absence of a call on the record is fatal to such forfeiture. *Id.* This principle has been recently reiterated in the case of *LaRue v. Burns*, 268 N.W.2d at 642. Forfeiture of bail may only be enforced in strict compliance with the statute. *State v. Zylstra*, 263 N.W.2d 529, 531 (Iowa 1978).

As indicated, the trial court made no findings of fact on July 29, 1982. Likewise, the amended order entered on August 19, 1982, contained no findings of fact, except on the matter of notice to the parties. On September 13, 1982, following the submission of the evidence on behalf of Bognanno and Indemnity, the trial court, without setting out any findings of fact, ordered judgment entered against Indemnity. The trial court also overruled the resistance of Indemnity and the application of Bognanno to set aside the judgment against him. The court made no finding that a call for the defendant had been made before the forfeiture of the bond and, in fact, the State did not offer any evidence of any such call. The forfeiture was improper absent evidence on the record of such a call. Accordingly, the judgment entered upon such forfeiture should have been set aside and the resistance of Indemnity sustained.

**IV. Setting Aside Judgment.** Because of our ruling in Division III of this opinion, we need not decide whether the court abused its discretion in failing to set aside the judgment on the basis of the defendant's arrest and return to custody. The cases clearly state, however, that such a ruling is discretionary with the court and is not available as a matter of right to the defendant or the sureties. *See State v. Shell*, 242 Iowa at 264, 45 N.W.2d at 854; *State v. Thomason*, 226 Iowa at 1063, 285 N.W. at 639; Iowa Code § 811.6(3) (1981).

For the reasons set forth in Divisions II and III, we reverse the order of forfeiture entered in the trial court, the order entering judgment against Joseph Bognanno, Sr., and the order entering judgment against Indemnity Insurance Company of North America and the principal, Richard D. Dodd, for the amount of the bond in this case. We remand for entry of an order in conformity with this opinion.

REVERSED.