CHIEF JUSTICE PETERS
delivered the opinion of the court:
The principal in the bail-bond, as the evidence shows, was in court when the case was called, in time to answer to the charge; and, after his case was continued, he was taken from the presumed custody of his bail by the order of the provost marshal and removed from the county, whether by legal authority or not it would be as useless as unprofitable to discuss; for, whether his mandates were lawful or not, he had the necessary means to enforce them. And he who questioned his right was then as powerless to test it as he was to resist his orders.
The history of that period attests the omnipotence of a provost marshal in his district; and when the principal in a bail-bond was arrested by the order of that officer, an effort on the part of his surety to take him into his custody *617 would be not only unavailing, but might be perilous to himself.
As, therefore, it appeal’s that Webster, the defendant, was arrested and removed from Grant county by order of an officer of the United States government, and the surety thereby deprived of the power to surrender him, he cannot be made responsible on the bail-bond for the failure of the principal to appear and answer the charge.
Wherefore, the judgment is affirmed.