## THE STATE v. MERRIHEW.

1. **Venue:** CHANGE OF: WHEN COUNTY IS A PARTY. It does not constitute ground for a change of venue, in an action for the recovery of a forfeiture, that the county in which the action is brought is the party plaintiff in the action.

2. **Bail bond:** FORFEITURE OF: ANOTHER ARREST. The arrest and detention in another county of a prisoner who is under bond for appearance, does not have the effect to release the sureties upon his bond.

3.      : ———: CONTINUANCE. The liability of the sureties is not affected by the failure to take a forfeiture at the term succeeding the execution of the bond; a continuance would continue the liability, and, no continuance appearing of record, the cause is continued by operation of law.

4. ———: ———: CLERK OF COURT. The clerk of the court to which a case is taken by change of venue has the same power to accept a recognizance as the one in the court where the indictment is found.

5. ———: ———: DESCRIPTION OF CRIME. It is not necessary that the bail bond should do more than specify in general terms the offense for which the indictment is found.

*Appeal from Dallas District Court.*

SATURDAY, OCTOBER 20.

In the first of the above cases a petition was filed claiming of the defendants the sum of five hundred dollars, and alleging that J. B. Merrihew was indicted by the grand jury of Polk

county for the crime of larceny; that the venue was changed
to Dallas county; that the defendants, C B. and D. G.
Merrihew, with J. B. Merrihew as principal, entered into a
written undertaking, in pursuance of the statute, that J. B.
Merrihew should appear and answer said indictment in the
District Court of Dallas county; that J. B. Merrihew failed
to appear as provided in the bond, by which failure the bond
became forfeited, and the District Court ordered and directed
that a default be entered against the defendant. The under-
taking in the bond in this case is that J. B. Merrihew shall
appear and answer an indictment pending in the District
Court of Dallas county. In the other three cases actions were
brought upon like bonds, except that, in one of them, the
bond recites that J. B. Merrihew was indicted in the District
Court of Polk county for receiving stolen goods, and the un-
dertaking is that he shall appear and answer said indictment,
and abide the orders and judgment of the court, and not
depart without leave. The defendants in each of the above
cases moved the court that the venue be changed to some other
county, on the ground that the county of Dallas is a party in
interest. They also filed the following answer, in each case:
"Admit that the bond sued on was executed by them; admit
that default was taken at the time alleged; for further answer,
say that at the time of said forfeiture of the bond defendant,
J. B. Merrihew, was in the custody and charge of plaintiff
and its officers; that an arrest was made of said J. B. Merrihew,
charging him with a felony in the county of Lucas, in the
State of Iowa; that before the forfeiture of said bond, and in
good time to reach the said Dallas county, the place set for
trial of said cause, the defendants, C, B. Merrihew and D. G.
Merrihew, demanded the body and person of J. B. Merrihew
of the plaintiff's officers and agents having the body and per-
son of J. B. Merrihew, as aforesaid; that plaintiff's officers
and agents utterly failed and wrongfully held and refused to
deliver said J. B. Merrihew up to his bondsmen, the obligors
on the instrument sued on, and that while the said plaintiff,
by its officers and agents, wrongfully held and detained by
force and arms the said J. B. Merrihew, plaintiff caused the

said bond to be forfeited, without any fault of these defendants or the said J. B. Merrihew; said wrongful detention was continued by plaintiff long after the term of this court expired, to which the said J. B. Merrihew had given said bond to appear for trial." The court overruled the motion for change of venue, to which the defendants excepted. The plaintiff filed a demurrer to defendants' answer, which was sustained, and to this ruling the defendants excepted. The defendants failing to further answer or plead, default was entered against them, and judgment was rendered in each case for the sum of $500.

The defendants appeal.

*B. A. Williams* and *Smith & Baylies*, for appellants.

*J. F. McJunkin, Attorney General*, for the State.

DAY, CH. J.—I. The ruling of the court refusing to grant a change of venue is assigned as error. Section 2590 of the Code provides that a change of the place of trial may be had where the county in which the action is pending is a party thereto. Section 3370 provides that: "Fines and forfeitures not otherwise disposed of go into the treasury of the county where the same are collected, for the benefit of the school fund." It is claimed that the change of venue should have been granted because the forfeiture when collected goes into the county treasury. If this position should be admitted but few crimes could be tried in the county where they are committed, for nearly every crime may, in the discretion of the court, be punished by fine, which goes into the county treasury for the benefit of the school fund. The county is not a party to this action. The case does not fall under the provisions of section 2590.

*1. VENUE: change of: when county is party.*

II. It is urged that the court erred in sustaining the demurrer to the defendants' answer. The provisions of our Code upon the question involved, and by which it must be determined, are as follows: Section 4593. "At any time before the forfeiture of their undertaking, the bail may surrender the defendant in their exoneration, or he may

*2. BAIL bond: forfeiture of: another arrest.*

surrender himself to the officer to whose custody he was committed at the time of giving bail. * * " Section 4596: "If the defendant fail to appear for arraignment, trial or judgment, or at any other time when his personal appearance in court may be lawfully required, or to surrender himself in execution of the judgment, the court must direct an entry of such failure to be made on the record, and the undertaking of his bail, or the money deposited instead of bail, as the case may be, is thereupon forfeited." Section 4597: "If, before the final adjournment of the court for the term, the defendant appear and satisfactorily excuse his failure, the court may direct an entry to be made on the record that the forfeiture of the undertaking or deposit be discharged." Section 4598: "If the forfeiture is not discharged, the district attorney may, at any time after the adjournment of the court for the term, proceed by civil action only upon the undertaking of the bail." Section 4600. "If, before judgment is entered against the bail, the defendant be surrendered or arrested, the court may, in its discretion, remit the whole or any part of the sum specified in the undertaking." The answer admits that default was taken and the bond was forfeited at the time alleged. The defendants rely for their discharge upon the fact that, when the forfeiture was entered, the defendant was in the custody of the officers and agents of the State in Lucas county. The defendants, although in the eye of the law they were the gaolers of the plaintiff, and bound to know of his whereabouts, did not appear at the term at which the principal was bound to appear and make known any reason, or show any cause, why forfeiture of the bond should not be entered. If they had appeared before forfeiture, and informed the court that J. B. Merrihew was in custody in Lucas county, the court might have continued the case, and taken steps, or furnished the defendants the means, to procure his attendance. In *Alquire v. Commonwealth*, 3 B. Monroe, 349, to a *scire facias*, upon a recognizance entered into by Joseph and Michael Alquire, for the appearance of said Joseph in the Kenton Circuit Court, the defendants pleaded that, on the day designated in the recognizance for the appearance of Joseph in the Circuit Court of Kenton county, he was taken and held in custody by

the commonwealth and kept in prison in the city of Louisville on a charge of felony, and has been kept imprisoned by said commonwealth ever since.    A demurrer to this plea was sustained, and the judgment was affirmed in the Court of Appeals. The opinion of the court is so pertinent to the present case that we quote freely therefrom.   The court say: "As the commonwealth, acting only through numerous and distant agencies, cannot be supposed to know at once all that may be done by them in her name at different places, she could not avail herself of the arrest and imprisonment of the principal in Louisville, or Jefferson county, for the purpose of trying him in the county of Kenton, unless information of the arrest were communicated to the Kenton Circuit Court, whereby that court might take steps for having the prisoner brought before it immediately or after the prosecution in Jefferson should be disposed of; or unless information of the prosecution and recognizance pending in the court of Kenton were communicated either to the Jefferson Circuit Court or to some tribunal having jurisdiction of the second prosecution, or at least over the prisoner, so that he might have been transmitted to Kenton county at once, or after an acquittal, should he be acquitted of the second charge. As the question is upon the breach of a recognizance for his appearance in the Kenton Circuit Court, which had in fact the first claim upon the body of the accused, it would seem that, to make the subsequent imprisonment available, as a substantial compliance or a virtual attainment of the objects of the recognizance, it should have been communicated to that tribunal in such authentic and formal manner as to have authorized its proper action in the premises.   And as the defendants were bound by the recognizance for the appearance of the prisoner in the Kenton Circuit Court, and were also bound to know of the subsequent imprisonment, and as no other persons were bound to know or communicate a knowledge of both proceedings, it would seem farther to have been incumbent upon them, and especially upon the bail, in order to make the second arrest and imprisonment operate as a discharge from responsibility on the recognizance, to have made such communication to the court in which they were bound as would have placed the pris-

oner, though in custody at Louisville, substantially and practically within the power of the Kenton Circuit Court, and it may have been the duty of the bail, and a necessary step for his exoneration, that he should have moved in that court for such process as would have actually enabled him to surrender the body of his principal in court. Had he done so at any time during the term, though after the day appointed for the appearance of the principal, we suppose that the recognizance might at least have been respited until the proper steps had been taken for rendering the arrest at Louisville available for the objects of the recognizance, and that the bail might have entitled himself to ultimate exoneration, either upon the production of the prisoner for trial in Kenton, or upon its being made to appear that he was convicted in Jefferson and undergoing his sentence." Our statute provides the course which the bail may pursue in order to surrender a defendant. Code, § 4593. If the defendants had appeared before the forfeiture, and had shown that they procured a certified copy of the recognizance for the purpose of arresting and surrendering the principal, and that they were prevented from making such arrest and surrender because the principal was in custody in Lucas county, there would have been more merit in their position, although we do not determine that this would have entitled them to a discharge. But they do not show that they pursued any steps which the law authorizes and requires. They simply aver that they *demanded* the body of J. B. Merrihew of the officers and agents of the State. It does not appear that they exhibited any authority for such demand, or that it was made in such manner that the officers of the State would have been justified in complying with it. If it should even be conceded that the facts alleged in the answer would have been sufficient to prevent a forfeiture until the sureties could have an opportunity of taking the legal steps for the arrest and procuring the presence of the principal, if they had been presented at the proper time, for that purpose, it cannot be admitted that they may now be made available as a defense to this action. In the *State of Iowa v. Scott*, 20 Iowa, 63, it is said that, after forfeiture, the only provision of the statute that aids a bail is section 4994 of the Revision,

4600 of the Code. The provisions of this section have already been quoted. Appellants cite and rely upon *Commonwealth v. Webster*, 1 Bush (Ky.), 616; *Caldwell v. The Commonwealth*, 14 Grattan, 698; *The People v. Bartlett*, 3 Hill, 570; *Belding v. State of Arkansas*, 25 Arkansas, 315; *Taintor v. Taylor*, 36 Conn., 242, and *The People v. Tubbs et al.*, 37 N. Y., 586. In *Commonwealth v. Webster*, it was held that a surety on a bail bond cannot be held responsible on the bond for the failure of the principal to appear, when the principal had been arrested and removed from the county by order of a provost marshal. The case seems to have arisen during the war. The court say: "The history of that period attests the omnipotence of a provost marshal, and when the principal in a bail bond was arrested by the order of that officer, an effort on the part of the surety to take him into custody would be not only unavailing, but might be perilous to himself." In *Caldwell v. The Commonwealth* the prisoner was in the penitentiary, at the time he was required to appear, under sentence for a felony. After the term of his sentence expired he was sent back to the jail of the county where he was to appear, was tried and acquitted. On *scire facias* it was held the bail was exonerated, because the prisoner's imprisonment in the penitentiary rendered it impossible for him to appear. In *The People v. Bartlett* it was held a good answer to a recognizance for the appearance of a prisoner, that intermediate the recognizance and the term of court therein mentioned, he was arrested and committed to jail in another county, where he was kept in confinement until after the day of appearance. In *Belding v. The State of Arkansas* it was held that the surety would be excused from liability if he could show that the principal was duly arrested and imprisoned by the military authorities. In *The People v. Tubbs* it was held that the inability of the principal to attend on account of sickness is good defense to an action against the sureties on the recognizance. And in *Taintor v. Taylor* it was held no defense for the sureties that the principal had been taken to another state, under a requisition from the governor, to answer for a crime committed there. The only one of these cases which seems to be in con-

flict with the views here expressed is *The People v. Bartlett*, 3 Hill, 570. The case seems not to have been very thoroughly considered, and it differs from this in that it does not appear that there had been any forfeiture of the recognizance declared. We think the demurrer was properly sustained.

III. It is claimed that the bonds do not substantially conform to the provisions of the statute, and that they were not binding upon the defendants as statutory bonds. It is conceded that they are in conformity with the form prescribed for bail upon indictment before conviction (section 4585 of the Code) except that the words "now pending on change of venue in District Court of Dallas county" are added. The recital of this fact in the bond does not affect its validity. Section 4385 of the Code requires that when any prosecution has been transferred to another county, the person charged with committing the offense shall be required to appear at the next succeeding term of the District Court to which the prosecution is transferred, and shall give bond accordingly. It is claimed the bonds do not fill the requirements of the section in two particulars: 1. They do not fix the time at which the defendant shall appear. 2. They require the defendant to "abide the orders and judgments of said court, and not depart without leave of the same," which the statute does not require. But one form of bond before conviction is given. The terms of that are prescribed in section 4585. The bonds in question are in substantial compliance with the provisions of that section.

IV. It is next objected that the bonds were not forfeited at the next term of court after they were executed. The sureties agreed that J. B. Merrihew would abide the orders and judgments of the court, and not depart without leave. Nothing to the contrary appearing, it must be presumed that it was shown that the cause was regularly continued. A continuance of the cause would continue the liability of the principal and sureties on the recognizance. And the rule is the same where the cause stands continued by mere operation of law. See *State v. Brown*, 16 Iowa, 314; the *State v. Ryan*, Id., 314.

V. It is next urged that the bonds were never filed by any one authorized by law to file them. The evidence upon which the case was tried is not set out in the abstract. We must now presume that the bond was produced from the proper custody. If it was deposited with the clerk of the proper court as a record, the fact that it was not marked filed, if such be the fact, is not material.

VI. It is claimed that there is no power in the clerk of the court to which a change of venue is taken to accept a bond for the appearance of the prisoner. If this be true, it follows that if the obligors in the recognizance taken before the transfer of the case should surrender the accused, he must be sent to jail, because there is no authority to accept further bond. Section 4380 of the Code provides: "The court to which such change of venue is granted must take cognizance of the case, and proceed therein to trial, judgment and execution, in all respects as if the indictment had been found by the grand jury empaneled in such court." As the clerk of the court in which an indictment is found has power to accept a recognizance for the appearance of the prisoner, the clerk of the court to which the cause is transferred must, when necessary, possess the same power, to the end that the court may proceed to trial, judgment and execution, in all respects as if the indictment had been found by a grand jury empaneled therein.

4. ——: ——: clerk of court.

VII. It is claimed that the bond is of no validity, for the reason that the indictment does not charge any public offense. The bond recites that an indictment was found, charging J. B. Merrihew with the crime of larceny in the night time. It is claimed there is no such indictable offense as "larceny in the night time;" but that there is such an offense as "larceny in the night time committed in any dwelling house, store," etc. We do not deem it necessary that the bond should do more than in general terms to refer to the offense for which the indictment is found. If the offense had been described simply as "larceny," we think it would have been sufficient. The addition of the words "in the night time" does not render the bond invalid. Many of

5. ——: ——: description of crime.

the authorities cited by appellant hold a doctrine of very great strictness against the state, in favor of sureties on recognizances to appear and answer to indictments, but they do not, we think, go the extent of holding a bond such as this invalid. A construction which would permit these defendants to escape upon the ground urged would not promote the ends of justice, nor be greatly productive of increased veneration for the law.

VIII. One of the bonds omits the words "now pending on change of venue in District Court of Dallas county." It was claimed that the other three bonds were not taken pursuant to the statute, because they contained these words; and now it is claimed, in effect, that this bond does not bind the obligors for the appearance of J. B. Merrihew in Dallas District Court, because of the omission of these words, or others of similar import. It is claimed that the bond is for the appearance of the accused in Polk county, where no cause was pending. It is conceded that, when considered in connection with the balance of the petition, it was taken after the venue had been changed to Dallas county. Being so taken, and being in all respects as provided in Section 4585, we must construe it as an undertaking that the accused shall appear in the county where the bond was accepted, and where the indictment was then pending for trial. The judgments in all the cases are

AFFIRMED.