STATE OF IOWA, Appellee, v. HERBERT ARIOSO et al., Appellants.

MARCH 12, 1929.

*David F. Loepp* and *Clay H. Jensen*, for appellants.

*George W. Sturges*, for appellee.

DE GRAFF, J.—A recital of the primary facts is necessary, to understand the nature of the appeal. On the 27th day of

September, 1927, the grand jury of Plymouth County, Iowa, returned an indictment against the defendant Herbert Arioso, accusing him of the crime of stealing a motor vehicle. His bond was fixed at $2,000, and September 30, 1927, at 9 A. M., was set as the time for arraignment. On September 30, 1927, the defendant appeared in person and by counsel, waived arraignment and time to plead, and entered a plea of not guilty. The time set for trial on said indictment was October 3, 1927, 10 A. M., and as the seventh jury case. On October 4, 1927, the said cause was reached for trial at 10 A. M., and at 2:30 P. M. on said day, the cause was called for trial, and the State was ready for trial. The defendant Arioso was called three times in open court, and appeared not, nor anyone for him; and thereupon the bail furnished by the defendant was forfeited, and ten days' notice in writing was ordered given to the defendant and his sureties, to appear and show cause, if any, why judgment should not be entered for the amount of such bail. On the 24th day of October, 1927, the defendant, as principal on the said bond, and his two sureties thereon, in answer to the notice to show cause, appeared by counsel, and filed an application to set aside the forfeiture of the bond, and the county attorney filed a resistance thereto. The defendant was not present in person at this hearing. The matter was presented to the court, and the application was overruled. The court then made judgment entry, and later set it aside, and gave defendants an opportunity to offer all testimony, or proceed in any manner they desired.

On January 6, 1928, an application was filed to vacate the judgment, and a resistance was filed by the prosecuting attorney, and on the same day, a hearing was held in said matter. The defendant was brought on said date to Le Mars, the county seat of Plymouth County, by the sheriff of Woodbury County, Iowa, under a telegram from the governor of Iowa to the sheriff of Woodbury County, which recited permission to take the defendant Arioso to Plymouth County one day, for the purpose of taking up the matter of setting aside the judgment against the sureties, after which Arioso was to be returned to Woodbury County, to serve his sentence, and ''after the sentence in Woodbury County is completed, he is to be turned over to the officers of Plymouth County.'' At this point, it may be stated that the defendant Arioso had been previously convicted in the district

court of Iowa in and for Woodbury County, for the crime of assault to do great bodily injury, and judgment had been duly entered. He perfected an appeal, and filed an appeal bond in the sum of $3,500, upon which bond one of the sureties herein, Monica Arioso, was a surety. The appeal in the Woodbury County case was abandoned; and on the 4th day of October, 1927, when the case of State v. Arioso in the Plymouth County case was called, and the forfeiture entered on his bond at 2:30 o'clock P. M., the defendant was still at liberty on both bonds. However, between 7:30 and 8 P. M. on said date, the defendant was surrendered by his sureties on the appeal bond in Woodbury County to the sheriff of Woodbury County, and he was placed in jail, from which day his sentence of one year in said jail commenced, under the prior judgment entered by the Woodbury County court.

It will be observed, therefore, that, at the time when defendant's bond was forfeited in Plymouth County court, October 4, 1927, there was no reason shown why he could not have been in the Plymouth County court for trial. The defendant admits, upon his hearing to vacate the judgment in Plymouth County court, that he knew that his case was set for trial, but, as he understood it, there were six or seven cases ahead of it. He also admits that he was in Le Mars (place of the sitting of the Plymouth County court) on the 3d day of October. He was asked if there was any reason why he could not have been in Le Mars in the courthouse on the 4th day of October, 1927. He answered, "No, sir, no reason in the world was there why I could not have been there." One of the sureties, Mrs. Monica Arioso, testified that the defendant Arioso was present at the time of a meeting between Arioso and his attorney at the attorney's office, October 3, 1927. She knew the case was set for trial, and might be called at any time, and so testified.

The bond in question recited that the sureties thereon "undertake that the said Herbert Arioso shall appear and answer the said indictment, and abide the orders and judgment of said court, and not depart without leave of the same, or, if he fail to perform either of these conditions, that he will pay to the state of Iowa the sum of two thousand dollars."

It is also beyond dispute in this record that the defendant Arioso was not surrendered at any time to the Plymouth County

sheriff. Arioso was present, in charge of the sheriff of Woodbury County, when the application to vacate the judgment was heard in the Plymouth County court, and it is quite apparent that no legal defense was set forth in the application to excuse the defendant for his nonappearance at the time the cause was called for trial in the Plymouth County court.

The mother, Monica, voluntarily surrendered the defendant to the Woodbury County authorities, and the Woodbury County sheriff had proper jurisdiction of the defendant in the Woodbury County jail. The surety was bound to know that the defendant's appearance was necessary in the Plymouth County court on the day he was surrendered to Woodbury County, which was subsequent in point of time to the default entered against him and his sureties in the Plymouth County court. Under the terms of Section 13631, Code of 1924, if a defendant fails to appear at any time when his personal appearance in court is lawfully required, "the court must at once direct an entry of such failure to be made of record, and the undertaking of his bail, or the money deposited instead of bail, is thereupon forfeited." It is further provided:

"As a part of the entry of forfeiture * * *, the court shall direct the sheriff of the county to give 10 days' notice in writing, or otherwise, as directed by the court, to the defendant and the sureties to appear and show cause, if any, why judgment should not be entered for the amount of such bail * * *." Section 13632.

The statutory notice in the instant case was given. It is further provided that, if the defendant and the sureties shall appear at the time fixed and offer objections to the entry of such judgment, the court shall set the case down for immediate hearing as an ordinary action. Section 13633. The defendant and the sureties did appear, and proceeded to a hearing before the trial judge; and, as heretofore pointed out, no sufficient justification or excuse was offered that would cause the court to vacate the judgment previously entered on the bond.

Under the terms of Section 13636, a judgment based on the forfeiture of a bond shall never be set aside unless, within 60 days from the date of the judgment, "the defendant shall voluntarily surrender himself to the sheriff of the county, or his

bondsmen shall, at their own expense, deliver him to the custody of the sheriff within said time, whereupon the court may, upon application, set aside the judgment, and in such event, the original appearance bond shall stand.'' It may be conceded that the application to vacate the bond was within the 60-day period, but it cannot be conceded that the defendant voluntarily surrendered himself to the sheriff of Plymouth County, or that his bondsmen delivered him to the custody of the sheriff within said time. True, he appeared in the Plymouth County court on the hearing of the application, but he was in custody of the Woodbury County authorities, and consequently could not be surrendered. During the time that Arioso was in Le Mars, at the time of the hearing on the application, he was in custody and possession of the sheriff of Woodbury County, and upon the conclusion of the hearing, he was returned to the Woodbury County jail. The Woodbury County authorities did not intend to release Arioso from custody, but in fact intended to take him back to Woodbury County, and they so testified. The sheriff and his deputy of Plymouth County testified that no attempt was made to deliver or surrender Arioso to them, and that Arioso had not surrendered himself, nor had his sureties surrendered him at any time after furnishing the appearance bond in question.

The sureties on Arioso's bond in Plymouth County in the eyes of the law ''were the gaolers of the plaintiff,'' as said in *State v. Merrihew*, 47 Iowa 112, and bound to know of the defendant's whereabouts. They did not appear at the term at which the principal (defendant) was bound to appear, and make known any reason or show any cause why forfeiture of the bond should not be entered. As heretofore noted, when the case was called for trial in Plymouth County, the defendant was not in the custody of anyone, except, metaphorically speaking, in the custody of his sureties, one of whom, after default had been entered, and on the same day, surrendered the defendant to the Woodbury County sheriff.

The very essence of the obligation assumed by the sureties on an appearance bond is that the sureties will produce the accused in open court in accordance with the terms of the bond. He was not produced, and no excuse is shown by the sureties for his nonproduction.

As a matter of history in relation to the statute governing forfeiture, see *State v. Robinson*, 205 Iowa 1055.

Had the sureties on the defendant's bond, at the time his cause was called for trial in Plymouth County, explained to the court the fact that the principal (defendant) was in the lawful custody of some other jurisdiction, a different case would be presented here.

Construing the statutes governing the matter of forfeiture and judgment thereon, as herein set forth, we conclude that the ruling of the trial court was correct.

The judgment entered is, therefore,—*Affirmed*.

ALBERT, C. J., and STEVENS, MORLING, and WAGNER, JJ., concur.