STATE OF IOWA, Appellee, v. GLENN CLARK et al., Appellants.

No. 46344.

NOVEMBER 17, 1943.

REHEARING DENIED JANUARY 14, 1944.

Frank L. Burbridge, of Omaha, Nebraska, Carl V. Burbridge, and Roy E. Havens, both of Logan, for appellants.

John M. Rankin, Attorney General, and Don H. Jackson, County Attorney, for appellee.

MANTZ, J.—This action arises out of the action of the district court of Pottawattamie County, Iowa, on December 2, 1942, ordering the forfeiture of a bail bond wherein Glenn Clark (sometimes known as G. E. Clark) was principal and James Pontralo was surety, and the further action of said court, following notice and hearing, in denying a motion of said principal and surety to set aside said forfeiture, and further entering judgment on said forfeited bond for the sum of $2,500, interest, and costs. The bond was given to secure the appearance of said Glenn Clark to answer a charge of larceny of a motor vehicle in said county. From this action on the part of the lower court both principal and surety have appealed.

There are no controverted facts in the case. Briefly stated, the following appear: That Glenn Clark was brought into court on September 23, 1942, to answer a charge of larceny of a motor vehicle and on that day was bound over to answer to the grand jury of Pottawattamie County, Iowa, and was released on a $2,500 bail bond signed by said defendant as principal and James Pontralo as surety; that an indictment was returned by said grand jury on the 5th of November 1942; that on November 10, 1942, Glenn Clark, with his attorney, appeared in open court and was duly arraigned and then and there entered a plea of not guilty; that he and his attorney were then and there advised

that the case would be assigned for trial as soon after November 21, 1942, as it could be reached; that said case was reached for trial on December 1, 1942, but that defendant did not appear and was called three times but failed to appear, and the court, upon request of his attorneys, continued the case for twenty-four hours; that on December 2, 1942, the case was called for trial, but defendant was not present and did not appear, although called three times. His counsel was present. Thereupon the court ordered a forfeiture of the bail bond, and ordered notice to be given the principal and surety to appear and show cause why judgment should not be taken on said forfeited bond. The time fixed for said hearing was December 17, 1942.

On December 16, 1942, one of the appellants herein, the surety on the bail bond, appeared and filed motion to set aside the action of the court in forfeiting the bond on December 2, 1942, and objected to the State's taking judgment on said bond. Appellants stated, in substance, that it was impossible for the appellant Clark to be in court in Pottawattamie County, Iowa, on either December 1st or December 2, 1942, for the reason that at that time the appellant Glenn Clark was confined in the Douglas County, Nebraska, jail under a sentence of the courts of the state of Nebraska for a term of five years at the state penitentiary at Lincoln, Nebraska, and that he was being held in said jail awaiting transfer to said penitentiary, and that the sheriff of Douglas County, Nebraska, refused to permit the said Glenn Clark to attend court in Pottawattamie County, Iowa, to stand trial on the charge against him in said place. Said motion further stated that the appellant surety, acting through a duly authorized agent, had tried by every possible means to produce the said Glenn Clark in court in Pottawattamie county, but by reason of the acts of the Nebraska officials had been prevented from doing so. In said motion appellants asked that the forfeiture be set aside, that a judgment thereon be denied, and the court make necessary and proper orders to protect the rights of all parties to the action.

The case was docketed and tried as an ordinary action under the statute, and on December 31, 1942, the court denied the motion of the principal to set aside the order of forfeiture of

December 2, 1942, and at the same time entered judgment on said forfeited bond against both principal and surety for the penal sum of the bond, to wit, $2,500, with five per cent interest from date, and for costs. Appellants duly excepted to the action of the court.

Appellants, in statement of errors, say:

"The trial court erred in overruling defendants' motion to set aside the forfeiture of bond and showing of cause, and rendering judgment thereon."

Under such assignment of error appellants argue that certain circumstances may excuse the failure of the defendant for nonappearance such as to prevent the forfeiture of his bail bond and to justify a denial of a judgment thereon. Appellants do not ask for a discharge of the bond because of the failure of the principal to appear and answer the charge, but argue that the lower court should have made a proper order fully protecting and preserving the rights of all of the parties in the proceedings. Boiled down, it is the claim of appellants that the court should set aside the forfeiture of the bond, deny judgment thereon, and make appropriate order for continuance until such time as Glenn Clark would be available for trial, and that its failure to do so, and the entering of judgment on the bond, constituted an abuse of judicial discretion.

The facts being undisputed, the question for our determination is one of law.

It must be kept in mind at all times that the purpose of a bail bond is to secure the presence of the one charged in court, when his presence is required, in order to answer to the charge for which the bond is given. It is elementary that the undertaking of the surety is to see that the defendant, the person charged, is present when his presence is desired.

The bail bond which was given in this case is as follows:

"STATE OF IOWA, POTTAWATTAMIE COUNTY, ss

An order having been made on the 25th day of September, 1942, by Frank Larsen, a Justice of the Peace of the Township of Lake in said County, that D. E. Clark be held to answer upon a charge of Larceny of an Automobile upon which he has been

duly admitted to bail in the sum of Twenty-five Hundred Dollars, we, D. E. Clark, of Omaha, Nebraska and Jas. Pontralo, of Sioux City, Iowa, hereby undertake that the said D. E. Clark shall appear at the District Court of the County of Pottawattamie at the next term thereof, and answer said charge, and abide the orders and judgment of said Court, and not depart, without leave of the same; or if he fail to perform either of these conditions, that we will pay to the state of Iowa the sum of Twenty-Five Hundred Dollars.

[Signed]    Glenn Clark

James Pontralo."

(The record herein shows that the names, D. E. Clark, G. E. Clark, and Glenn Clark, refer to one and the same person.)

We note that the undertaking carried in it several conditions: (1) that D. E. Clark would appear at the next term of court in Pottawattamie County, Iowa, and answer the charge and abide the result of the orders and judgment of the court (2) that he would not depart without the leave of same (3) that if he failed to perform either of these conditions the principal and surety would pay to the state of Iowa $2,500. It is not claimed that he performed any of such conditions.

The law dealing with the forfeiture of bail bonds is found in chapter 631, Code of Iowa, 1939.

Section 13631 provides that upon failure of the defendant to appear for trial his bail bond shall be forfeited.

Section 13632 provides that the defendant and his sureties shall be given ten days' notice to appear and show cause why judgment should not be entered on said forfeited bond.

Section 13633 provides that if the defendant and his sureties fail to appear, judgment shall be entered by the court. If they do appear at the time fixed and offer objections to the entering of the judgment, the court shall set the case down for immediate hearing as an ordinary action; in such hearing the state shall be plaintiff and the defendant and his sureties the defendants. The judgment entered by the court, either upon default or upon trial, shall have the same force and effect as any other judgment of this court.

Section 13636 deals with the procedure for setting aside

said judgment, and, in substance, provides that such judgment shall never be set aside unless the move to do so is made within sixty days and then under certain conditions. We do not think this section is involved in this case except as it may throw light on the other sections.

Section 13633, above quoted, applies in this case so far as the trial and procedure are involved. The principal and surety appeared, filed objections to the taking of judgment on the forfeited bond, moved to set aside said forfeiture, and asked that the rights of all of the parties be protected. The hearing was under said section. The court denied the motion to set aside the forfeiture and entered judgment on the bond. It cannot be questioned that the court had jurisdiction; that evidence was taken; that judgment was rendered.

The real question in the case is, Did the court abuse its discretion in deciding and ordering as it did? We do not think, under the record, that it did so. There is ample authority to support the judgment and order of the lower court.

Appellants have cited our holding in State v. Thomason, 226 Iowa 1057, 1063, 285 N. W. 636, 639. In that case the defendant had been convicted and had appealed, and pending appeal was at liberty on bond. Following the affirmance of the appeal the defendant failed to appear and his bond was declared forfeited and notice given under the statute of intention to take judgment on such bond. Before hearing, counsel for defendant and the sureties appeared and filed resistance to the motion to take judgment on the forfeiture, alleging a good defense, diligence in trying to procure the presence of the defendant, his incarceration in the federal prison on a conviction in the United States Court in Illinois on an offense committed prior to the one in Iowa, and the refusal of the federal authorities to surrender the defendant to the Iowa jurisdiction. On the day set for trial a federal officer brought the defendant into court in Union county. At the hearing on that date the court accepted the prisoner and directed the sheriff to take him to Anamosa to serve the sentence. The court at the same time ordered that the forfeiture be set aside, upon certain conditions, which were complied with. The real issue in the case was whether or not the defendant was "delivered" to the officials of Union county

within the meaning of the statute. The lower court held that there was such a delivery. In passing upon the action of the court below, this court, speaking through Hale, J., said:

"We have here the refusal of the court to enter judgment, and the forfeiture of the bond. Unless an abuse of discretion on the part of the trial court is shown, we doubt, if, under the holdings of this court, we would have any right to interfere with the action of the court."

In the cited case the court mentioned the case of State v. Robinson, 205 Iowa 1055, 1058, 218 N. W. 918, 919. In that case, upon failure of the defendant to appear, the bond was forfeited, and later judgment was taken thereon, but before the expiration of the sixty days as provided in section 13636 of the Code, the bondsman surrendered the defendant and took steps to set aside the judgment of forfeiture. The state urged that the bondsman did not deliver the defendant into the custody of the sheriff. The court ruled otherwise and this court on appeal affirmed the action of the lower court, and in so doing used the following language:

"Therefore we are bound * * * because there were 'facts' upon which to base the 'finding'."

Citing Bell v. Courteen Seed Co., 197 Iowa 120, 196 N. W. 1006; Bloomfield Davis County Messenger v. Bloomfield Democrat, 201 Iowa 196, 205 N. W. 345; North American Ginseng Co. v. Gilbertson, 200 Iowa 1349, 206 N. W. 610. In the last-cited case this court held that the conclusion of the court below had the force and effect of a finding of the jury.

As bearing on the claim of appellants that the lower court abused its discretion in ruling adversely to them, let us examine the record. Appellant Clark, with counsel, was in court in Pottawattamie County. Iowa, on November 12, 1942, entered a plea of not guilty and was advised that his case would be called for trial in about ten days. He was in Nebraska on the 18th of November 1942, answering to a charge of breaking and entering in that state; he was there brought into court, advised of the charge, waived time, entered a plea of guilty, asked for and received immediate sentence. Evidently, all of this was at one

hearing. It is quite evident that Clark, following his apprehension in Nebraska, did nothing to retard or slow up the procedure there. Appellee, in argument, makes the statement that the Nebraska crime was committed by Clark on November 14, 1942. Appellants answer this by saying, "The record does not so show." However, the record does show that on November 18, 1942, and at all subsequent dates, Clark was outside of the state of Iowa, all in violation of the terms of his bail bond.

In the lower court there was little evidence of the efforts made to produce Clark in court in Pottawattamie County, Iowa, on either December 1st or December 2, 1942. One witness, Cornett, an agent for the bondsman, told of his efforts. He said:

"I live in Omaha, Nebraska, and acted as agent for Pontralo, signer on the bond of Glenn Clark. Glenn Clark at the present time is in the Nebraska state penitentiary. This bond was signed September 25, 1942, for Mr. Clark's release in Pottawattamie County. Mr. Clark is now in the state penitentiary at Lincoln, Nebraska under a five year sentence of the district court of Nebraska on a charge of breaking and entering. I was present in Court in Pottawattamie County on December 3, 1942, when Mr. Clark's case was called for trial on an indictment against him. At that time he was in the Douglas County jail awaiting transfer to the state penitentiary. I requested the State Officials of Nebraska to bring Mr. Clark to Pottawattamie County and they refused that request."

Thus it will be seen that the sum total of the record evidence of the efforts of appellants to produce the appellant Clark in Pottawattamie county when his case was to be tried is contained in his statement:

"I requested the State Officials of Nebraska to bring Mr. Clark to Pottawattamie County and they refused that request."

There is in the record no showing how such request was made, the time thereof, or upon whom made—governor, board of parole, the trial judge, sheriff, or bailiff. They do plead that the request was made on the sheriff but that he refused it. There

are in the record no affidavits or other documentary proofs of such request; no showing that the officials of Nebraska, upon whom the alleged request was made, could not have been produced in court to corroborate that claim.

In connection with the foregoing, we call attention to the early case of State v. Merrihew, 47 Iowa 112, 117, 29 Am. Rep. 464. When that case was reached for trial the defendant, under bond, was held in jail in another county and this prevented his appearance for trial. The bond was ordered forfeited and by answer the sureties set up the fact that the defendant was in jail in another county and this prevented his appearance for trial, thus pleading an excuse for his nonappearance. A demurrer to this answer was sustained and on appeal the action of the lower court was affirmed. In so holding, the court used the following language:

"If the defendants [sureties] had appeared before the forfeiture, and had shown that they procured a certified copy of the recognizance for the purpose of arresting and surrendering the principal, and that they were prevented from making such arrest and surrender because the principal was in custody in Lucas county, there would have been more merit in their position, although we do not determine that this would have entitled them to a discharge. But they do not show that they pursued any steps which the law authorizes and requires. They simply aver that they *demanded* the body of J. B. Merrihew of the officers and agents of the State. It does not appear that they exhibited any authority for such demand, or that it was made in such manner that the officers of the State would have been justified in complying with it."

Thus it will be observed that the law requires sureties to make a showing of certain things in order to justify the court in affording them relief from their undertaking to produce the principal when his case is reached for trial. The cited case further holds that, even had such showing been made, still it is the court which passes upon the matters in issue, and to use the language of the case, under certain showing "the court might" afford relief sought by the sureties. Certainly, no such showing was made or attempted to be made in the present case. The

court, under the statute, heard the evidence and made a decision, and we hold that under the record its decision was final.

In many of the cases cited by appellants there was a question of "delivery," sometimes before and after judgment. Whether or not a delivery was in fact made was held to be a question of fact and this court refused to interfere. This was the situation in State v. Thomason, supra; State v. Robinson, supra. In the case of State v. Arioso, 207 Iowa 1109, 224 N. W. 56, a case relied upon by appellants, the bond had been forfeited and later judgment taken. Within the sixty-day period as provided for in section 13636, the sureties claimed that they had the principal in the district court in and for Plymouth county (the county in which the principal was held to appear) and that having him there entitled them to relief for his failure to appear at the time his case was called. There the question involved was whether the principal had been "delivered" to the sheriff of Plymouth county. The principal was brought into that court by an officer from Woodbury county, in which county the principal was being held in court under a sentence of the court of that county. In that case the court cited the case of State v. Merrihew, supra, concerning the duties of the bondsman. The court held that the very essence of the obligation of the surety on an appearance bond was to have the principal in open court in accordance with the terms of the bond.

In the face of the record, we do not feel that the able trial court abused its discretion in ruling adversely to the claim of appellants. Under the statute and the record we do not feel that we would be justified in interfering with its action.—Affirmed.

All JUSTICES concur.