**STATE of Iowa, Appellee,**

v.

**Herman Paul ZYLSTRA, Appellant,**

and

**Peter Kuipers, Appellant.**

**No. 60522.**

Supreme Court of Iowa.

March 22, 1978.

**530** 

Freeman G. Merrill, Sheldon, for appellants.

Richard T. Smith, County Atty., for appellee.

Considered by MOORE, C. J., and REES, UHLENHOPP, HARRIS and McCORMICK, JJ.

MOORE, Chief Justice.

Defendant and surety appeal trial court's refusal to set aside a judgment forfeiting bail. They contend the court erred in holding that defendant's "waiver of extradition" executed in Texas did not constitute a "voluntary surrender" as contemplated by our bond remission statute, section 766.6. We affirm.

The relevant facts were stipulated by the parties as follows. Defendant, Herman Paul Zylstra, was convicted by an O'Brien County jury of assault with intent to commit murder on May 27, 1976. Sentencing was set for July 6, 1976 and defendant's bail bond of $50,000 was continued until that time with agreement of counsel and Peter I. Kuipers, surety on the bond.

On July 6, 1976, defendant did not appear for the scheduled sentencing and his surety failed to produce him. After the court had the bailiff formally "call" the defendant three times, but to no avail, a bond forfeiture hearing was set for July 22, 1976 and a bench warrant was issued for defendant's arrest.

Defendant did not appear at the July 22 hearing and a judgment forfeiting the $50,000 bond was entered in favor of the State of Iowa.

On August 6, 1976 defendant was arrested as a fugitive in Llano, Texas. On August 20, 1976 he voluntarily executed a waiver of extradition based on his prior conviction. Three days later he was released to the custody of an O'Brien County Deputy Sheriff who returned him to Iowa. It is undisputed surety Kuipers was not responsible for the apprehension and arrest of defendant. On September 1, 1976 defendant was sentenced to an indeterminate penitentiary term of 30 years.

The present action for remission of bond forfeiture was filed September 13, 1976. In this action defendant and his surety asserted defendant "voluntarily surrendered" to the sheriff within 60 days of the July 22 judgment, all costs connected with the case

had been paid, and they prayed for a refund of the forfeited bond. Upon application, which they made a part of the "motion to set aside judgment on bail bond," the court entered a temporary injunction to prevent the court's clerk from paying out the funds received on the forfeiture judgment.

Thereafter the matter was heard by Judge James H. Andreasen. In addition to the stipulated facts heretofore discussed surety Kuipers testified he was defendant's uncle, he had no prior experience as a surety, and he had no connection with his nephew's flight from Iowa or subsequent apprehension in Texas.

On February 14, 1977 the court entered its order denying the requested relief. The court construed section 766.6 to require either that defendant "voluntarily surrender himself" or that his bondsman "deliver" defendant to O'Brien County officials in order to set aside the bond forfeiture.

Here the only arguable avenue for relief was the first condition. However, the court reasoned it was inapplicable because once the arrest was effected by the Texas authorities, defendant could no longer voluntarily surrender himself to Iowa authorities. Since neither section 766.6 prerequisite was satisfied, the court held it had no discretion to set aside the bond forfeiture. The temporary injunction was continued pending disposition of any appeal.

I. Our bond remission statute, section 766.6, 1975 Code [now recodified as section 811.6(3), Supplement to the Code 1977] provides:

"Such judgment shall never be set aside unless, within sixty days from the date thereof, the defendant shall *voluntarily surrender himself to the sheriff of the county,* or his bondsmen shall, at their own expense, deliver him to the custody of the sheriff within said time, whereupon the court *may,* upon application, set aside the judgment and in such event the original appearance bond shall stand and the court may order refund of the amount of the judgment paid in to the office of the clerk of the court. Such judgment, however, shall not be set aside

unless as a condition precedent thereto the defendant and his sureties shall have paid all costs incurred in connection therewith." (Emphasis supplied.)

We interpret this section in light of several well-settled principles. A court admits a defendant to bail in order to assure his appearance in court. *State v. Benedict,* 234 Iowa 1178, 1182, 15 N.W.2d 248, 250; *State v. Clark,* 234 Iowa 338, 341, 11 N.W.2d 722, 724. In assuming the position of bail the surety becomes obligated to produce the accused in open court when his presence is required. *State v. Sellers,* Iowa, 258 N.W.2d 292, 300; *State v. Shell,* 242 Iowa 260, 265, 45 N.W.2d 851, 854. Stated otherwise, when the State releases a defendant from confinement it commits him to the exclusive custody of his surety, who becomes "the jailer of his own choosing." *State v. Radcliffe,* 242 Iowa 572, 577, 44 N.W.2d 646, 649; *State v. Arioso,* 207 Iowa 1109, 1113, 224 N.W. 56, 58.

If the surety fails to produce its principal at the appointed time, a judgment shall be entered by the court. Code section 766.3 [now section 811.6(1), Supplement to the Code 1977]. These proceedings for forfeiture of bail and judgment therein are civil actions, *State v. Martin,* Iowa, 252 N.W.2d 438, 441; *State v. Baker,* 247 Iowa 1224, 1228, 1229, 78 N.W.2d 411, 414, which may only be enforced in strict compliance with the statute. *State v. Robinson,* 205 Iowa 1055, 1061, 218 N.W. 918, 920; *State v. Kronstadt,* 204 Iowa 1151, 1153, 216 N.W. 707, 708.

II. Both defendant and his surety contend the waiver of extradition executed in Texas was a "voluntary surrender" under the remission statute and thus they were entitled to relief under that provision. First, we distinguish the situation herein presented from one where the obligee state voluntarily surrenders its jurisdiction of the principal by allowing his extradition to another state. Where the bond is made impossible by an act of the obligee the surety is exonerated from any obligation or liability. See *State v. Liakas,* 165 Neb. 503, 86 N.W.2d 373.

However, the above reasoning is not applicable here. Defendant left this jurisdiction voluntarily in violation of his bond and fled to Texas where he was apprehended by Texas authorities. He was not apprehended by his surety; he did not voluntarily surrender himself to law enforcement officials. All he did was waive extradition from Texas to Iowa. In attempting to equate this waiver of extradition with voluntary surrender under section 766.6 defendant and his surety misconstrue the nature of both concepts. Extradition is intended merely as a summary executive procedure by which the criminal accused can be brought before the appropriate tribunal. *State v. Martin, supra,* 252 N.W.2d at page 441. By waiving extradition an accused merely concedes the validity of his detention in the asylum state and that he is the individual sought by the demanding state. Neither the guilt or innocence of an accused as to the crime charged nor his liability under the demanding state's statutes is at issue. *Thurman v. State,* Iowa, 223 N.W.2d 248, 249; *Clayton v. Wichael,* 258 Iowa 1037, 1039, 141 N.W.2d 538, 539; Code sections 759.10, 759.20 [now 820.10, 820.20, Supplement to the Code 1977].

III. "Voluntary surrender" within the meaning of section 766.6 clearly means that a defendant "gives himself up" to the custody of the county sheriff. In an earlier case we dealt with a similar situation where the surety sought remission of the forfeited bond. In *State v. Hamilton,* 196 Iowa 998, 1002, 192 N.W. 838, 839, we said:

"* * *. The very essence of the obligation assumed by the sureties upon a bail bond is that they will produce the accused in open court, in accordance with the terms of the bond, in order that he may abide the orders and judgment of the court. This statute was enacted for the benefit of sureties upon the bail bond and contemplates that such sureties will act in good faith, and fully perform the obligations of their undertaking. This can only be done by their production of the defendant in accordance with the terms of the bond. The apprehension and arrest of the defendant upon a bench warrant were made necessary because of the default of the defendant and the sureties upon his bond. The instrumentalities of the state were used, to perform the duty assumed by appellants. Surely, the apprehension and arrest of the defendant by the sheriff did not operate to the advantage of the sureties, whose default made the pursuit and arrest of the defendant necessary. The tender of the expenses of the sheriff had no effect upon their obligation. The word 'produced,' as used in Section 5519, is somewhat more comprehensive than the word 'surrendered,' as used in former Codes; but the distinction, as applied to the facts of this case, is quite immaterial. The omission of the word 'arrested' from Section 5519 is significant. The production of the defendant in execution of the judgment contemplates an act on the part of the sureties, and not of the sheriff."

Although we focused on "delivery" in Hamilton we find the reasoning there equally persuasive as to the element of "voluntary surrender." Surely the apprehension and arrest by Texas authorities did not operate to defendant's advantage. In fact, as trial court correctly concluded, defendant lost the option of "voluntary surrender" to Iowa authorities once his arrest was made in Texas. Were we to hold otherwise, we would seriously undermine the responsibility assumed by an accused released on bail to appear as required by his bond. Defendant's interpretation of section 766.6 would allow a defendant to blatantly violate the conditions of his bond by fleeing the jurisdiction and then, if apprehended by law enforcement officers, qualify for remission by waiving extradition. This interpretation we will not abide. The only way a defendant *may* qualify for remission under the "voluntarily surrender" condition of section 766.6 is if he gives himself up to the sheriff within the sixty days after judgment is entered. Bail forfeiture is the price which is required unless either the defendant or his surety can qualify for relief under the statute.

Other jurisdictions have also refused to remit forfeited bail bond where the defendant has fled the jurisdiction and is apprehended by governmental agencies without assistance of either defendant or his surety. *People v. Johnson,* 155 Colo. 392, 395 P.2d 19; *State v. Hinojosa,* 364 Mo. 1039, 271 S.W.2d 522; *Estep v. State,* 183 Tenn. 325, 339, 340, 192 S.W.2d 706, 712. Generally the authorities are in agreement. Restatement, Security, sections 207, 209; 10 Appleman, Insurance Law and Practice, section 6093 (1977 Supplement, p. 147); Annot., 84 A.L.R. 420, "Right of bail to relief from forfeiture of bond or recognizance in event of subsequent surrender or production of principal."

We conclude defendant did not "voluntarily surrender" within the meaning of section 766.6 when he waived extradition from Texas to Iowa. Trial court correctly denied relief from the judgment of forfeiture.

AFFIRMED.